## ROBYN ET AL. *v.* PICKARD.

[No. 5,509.    Filed January 23, 1906.]

LANDLORD AND TENANT.—*Gas-and-Oil Leases.*—*Assignees.*—*Personal Liability.*—*Receivers.*—*Conveyances.*—Where a receiver of a corporation, with the written consent of all parties concerned, petitioned the court to permit such receiver to transfer to a new corporation all of the property and assets of the old on condition that such new corporation discharge certain liabilities against the old corporation and the receiver, which transfer was ordered made and the transfer confirmed, and a part of the assets was a gas-and-oil lease involving a liability for certain payments by the lessee or assignee, and such lease was afterwards assigned to defendants, they became personally liable for such payments, whether they took possession and complied with other conditions of such lease or not, their chain of title being perfect and such covenants running with the title.

From Superior Court of Madison County; *Henry C. Ryan,* Judge.

Action by Edward M. Pickard against Noel L. Robyn and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Bartlett H. Campbell,* for appellants.

*Byron McMahan* and *John C. Teegarden,* for appellee.

MYERS, J.—This is an action begun by appellee in the court below against appellants to enforce the payment of rent, for certain real estate, alleged to be due on account of a certain contract, or lease, entered into between appellee and appellants' remote assignor.

It appears from the complaint that on March 13, 1899, appellee was the owner of certain real estate in Madison county, Indiana, and on that date, in writing, his wife joining, granted to the Union Trust Company of Indianapolis, Indiana, as receiver of the Kelley Axe Manufacturing Company "all the gas and oil in and under" said certain described real estate, "together with the sole right to enter thereon at all times to drill and operate for gas and oil; to erect and maintain all buildings and structures and lay all pipes necessary for the production and transportation of gas or oil" therefrom, except one-sixth part of all oil produced and saved from the premises, which is reserved by appellee. Said receiver also agreed to pay to appellee $100 on January 1, 1900, $150 on January 1, 1901, and thereafter $200 on the 1st day of January, and $100 annually in advance for each well operated by second party, so long as second party holds this lease. "First party shall have no power to determine this lease at any time whatever so long as second party does or is ready and willing to do the things herein required of it. If after second party has abandoned all wells drilled under this lease it fails to release the same of record, as above provided, it shall continue to pay first parties at the rate of $200 annually until it does so release said lands." The complaint further avers that the receiver, in leasing the land, acted under the order of the court, and "in the month of April, 1900, by order of the Madison Circuit Court, said Union Trust Company of Indianapolis, Indiana, transferred and turned over to the Kelley Axe Manufacturing Company of Alexandria, Indiana, said contract, agreement and lease, as now shown by record in said court, in order-book No.

59, pages 443, 444, of the records of said court; that thereafter, on July 3, 1903, said Kelley Axe Manufacturing Company of Alexandria, Indiana, sold, transferred and assigned the same in writing to the defendant Noel L. Robyn;" that on July 9, 1903, appellant Robyn, in writing, transferred and assigned to appellant Joseph Clayton a one-eighth interest in said contract or lease. It is further averred that although appellants and their assignors, immediate and remote, have retained all rights under such lease to enter upon the premises and drill for gas and oil, they have not at any time done so, but have duly paid all rentals due on January 1, 1900, 1901, 1902 and 1903; that the payment due January 1, 1904, is past due and unpaid, and that upon demand appellants refused to pay the same, and judgment is demanded. Appellants' demurrer to the complaint was overruled. Thereupon they answered by general denial. The issue thus formed was submitted to the court for trial, resulting in a finding and judgment in favor of appellee in the sum of $206.33.

Appellants appeal to this court, and assign as error the action of the court (1) in overruling the demurrer to the complaint; (2) in overruling the motion for a new trial. Two grounds are assigned in the motion for a new trial: (1) The decision of the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence.

It is conceded that the demurrer to the complaint and the motion for a new trial present one and the same question, viz: Is there an unbroken chain of transfers or assignments of the lease from the Union Trust Company to appellants? Appellants claim there is not, and that as possession of the real estate was never actually taken and wells sunk thereon they can not be held liable for a breach of the covenants of the lease.

When the receiver was appointed for the Kelley Axe Manufacturing Company of Kentucky, by operation of law, the custody and control of all of the company's prop-

erty vested in the court. High, Receivers, §422. The Union Trust Company became an officer of the court, and the court's agent to carry out its orders. Tiedeman, Sales, §256. The complaint avers, and the evidence as taken from the records of the Superior Court of Madison county clearly shows, that the Union Trust Company, when it took the contract or lease from appellee, was acting under the direction of the court in the management of the property. On July 2, 1901, the Kelley Axe Manufacturing Company, by its petition to the court, represented that all the debts and liabilities of that company had been fully paid, except an indebtedness to the receiver; that a corporation under the laws of this State, known as the Kelley Axe Manufacturing Company of Alexandria, had been formed for the purpose of purchasing all of the assets of the old company, and that the latter corporation, subject to the order, consent and approval of the court, had sold and conveyed all of its assets to the Indiana corporation, which latter corporation had assumed and agreed to pay all the debts and demands arising out of the conduct and operation of the business by such receiver, and prayed that such sale so made be confirmed, and that the receiver be authorized to turn over to the Kelley Axe Manufacturing Company of Alexandria all the property, assets, rights and choses in action, in the hands of such receiver, belonging to the old company. It also appears from the evidence that the receiver and all parties interested joined in the petition and entered their written consent that all property in the custody of the court, by virtue of such receivership, be transferred to and confirmed in the new corporation, as in the petition prayed; the court thereupon approved and confirmed the sale, and entered an order directing the receiver to turn over to the Kelley Axe Manufacturing Company of Alexandria all the property of every nature—real, personal, etc.—in its possession as such receiver, and charging the new company with certain payments, and ordering

the receiver to make a final report. Thereupon the receiver made and submitted to the court its final report in the premises, among other things, showing that it had placed the Kelley Axe Manufacturing Company of Alexandria in the possession of all the property heretofore in its possession as such receiver, which report was in all things approved and confirmed by the court, and the receiver discharged.

The lease in question was a part of the assets in the hands of the receiver undisposed of at the time the court entered its general order and direction to its officer to transfer the property then under its control to the Kelley Axe Manufacturing Company of Alexandria. The debts of the old corporation having all been paid, the property was still liable to be converted into money for the payment of the necessary expenses and debts of the receiver in executing the trust, after which the distribution would be to the several stockholders, as their interests might appear. Granting that by the terms of the lease it was a grant of an interest in the real estate (Heller v. Dailey [1902], 28 Ind. App. 555), yet such interest was within the control of the court, and subject to its orders. As a court of equity it had full power to make such orders relative thereto as would seem to be to the best interest of all concerned. By the petition of the old corporation it was made to appear that the receiver should be ordered to transfer all the property then in its hands to the new corporation. The receiver acquiesced in this representation, and the court, in the exercise of its powers, ordered the receiver to transfer the property to the new corporation upon the condition that it would make certain payments to the receiver, thereby saving to the trust any additional expense of the receivership, and the expenses attendant upon a conversion into money by such receiver, of the property then remaining, and the distribution thereof.

The action of the court in reality amounted to an order to the receiver (1) to sell the property then in its hands to the new corporation upon the terms proposed; (2) upon acceptance by the new corporation of the terms of the sale, and the execution of its direct primary obligation to pay all the debts charged upon the property in the receiver's hands, to make the transfer; (3) to make report to the court. In obedience to the court's order the receiver reported the sale and a compliance on the part of the vendee, and the sale was by the court confirmed.

The proceedings had in the Madison Circuit Court brought the specific matter, that of the lease, before the court. Its orders in the premises were judicial, and were sufficient to show an assignment of the lease to the Kelley Axe Manufacturing Company of Alexandria. Appellants contend that there is no assignment of the lease by the old corporation. This was not necessary, as the court was the vendor. *Mayhew* v. *West Virginia Oil, etc., Co.* (1885), 24 Fed. 205, 215. *Bland* v. *Bowie* (1875), 53 Ala. 152, 159.

For another reason appellants' contention is not well grounded. The Superior Court of Madison county had jurisdiction of the subject-matter and the parties. It made the order of transfer. Its officer, likewise its vendee, complied with that order. It confirmed the action of its agent. Its vendee and appellants have acted and relied upon this action of the court by executing and receiving assignments of the lease in question. There has been a breach of the conditions of the lease by a failure to pay rental. Appellants seek to escape liability solely by impeaching the order of the court. This they can not do. As said in *Sheldon* v. *Newton* (1854), 3 Ohio St. 494: "If the court had jurisdiction of the subject-matter, and the parties, it is altogether immaterial how grossly irregular, or manifestly erroneous, its proceedings may have been; its final order

can not be regarded as a nullity, and can not, therefore, be collaterally impeached."

We deem further comment unnecessary, as the record in this case authorizes an affirmance of the judgment of the trial court.

Judgment affirmed.