CASE 101—PETITION EQUITY—FEBRUARY 25.

## Gerkins, &c., v. Kentucky Salt Co., &c.

APPEAL FROM MEADE CIRCUIT COURT.

1. NATURAL GAS—WASTE—RIGHTS OF LIFE TENANT.—Natural gas when in place is a part of the land and goes with the inheritance. Therefore, a contract of lease by the holder of the life estate giving his lessee the right to enter and open gas wells, is void as to the remaindermen, and they may have wells so opened closed.

2. SAME.—But the purchaser of the life estate, having entered with the knowledge of part of the remaindermen, and under a grant from another, and erected its machinery, etc., at great cost, should be reimbursed for its improvements, and then the remaindermen should receive a fair royalty for any further operation of the well, otherwise, it must be closed.

ERNEST MACPHERSON, W. W. THUM AND WM. J. HENDRICK FOR APPELLANTS.

JAMES P. GREGORY AND FAIRLEIGH & STRAUS FOR APPELLEES.
(Record and briefs not in the office.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The Kentucky Salt Co. is asserting the right to oper-ate a gas well on land owned in remainder by the appel-lants, and bases its claim to do so on a contract of lease authorizing an entry on the land, and the opening of the well, made alone with the owner of the life es-tate, who was also one of the remaindermen.

The question, therefore, is, may the life tenant lease the land for the purpose of boring for natural gas, and transport it as an article of commerce without im-peachment for waste? If not his lessee may be en-joined and required to account.

In the courts of Pennsylvania and West Virginia, where the characteristics of this substance have been considered with great care, it is held that where the tenant, under proper authority, bores a well for oil and unexpectedly finds gas, he may separate it and have it without additional compensation to his landlord. Its nature is said to be so volatile and fugitive as that when it becomes severed from the land it belongs to the first taker.   (Wood County Petroleum Co. v. W. Va. Trans. Co., 28 W. Va., 210; 57 Am. Rep., 659; Westmore-land, &c., Nat. Gas Co. v. DeWitt, 130 Pa., 235; 5 L. R. A., 731.)

All the authorities agree, however, that when in place it is a part of the land and goes with the inherit-ance.

In the recent case of Koen, &c., v. Bartlett (W. Va.) —; 31 L. R. A., 128 (1895), the respective rights of life tenants and remaindermen in certain natural gas wells

were involved, and it was held that where the severance was lawful, as where the mines of gas were open when the life tenant came in, he might work them even to exhaustion; but that if the severance was unlawful the remaindermen might sue at law or enjoin in equity and have an accounting.    These principles are conclusive of this case and entitle the appellants to relief. Just what the relief should be is a more difficult question.    The company, the purchaser of the life estate, with the knowledge of two of the remaindermen out of the six, and with the consent of another of them, in fact under a grant from him, has entered on the premises and at a great cost erected its machinery, etc.    The specific relief asked is to close the well.    To do this will entail a great loss on the appellees, and in all probability benefit the appellants in no respect whatever, for confessedly they can not enter on the land or work the mine, and when they shall eventually come into the remainder their gas will likely have been pumped off through the wells of their neighbors.

In a former consideration of the case we indicated that the appellants might have an accounting with the life tenant for rent received by him, but this seems to be very inadequate relief, and that opinion is withdrawn.

The contract of lease should be treated as void as against appellants, and after the company has been reimbursed for its improvements, unless this has already occurred, appellants should receive a fair royalty for any further operation of the well by the company; otherwise it must be closed.

The judgment denying relief to the appellants is reversed to the end that an equitable adjustment of the rights of the parties may be had on principles consistent with this opinion.