PATTON PARK, INC. *v.* POLLAK ET AL.

[No. 17,224.   Filed June 15, 1944.]

*John A. Kendall,* of Danville, and *Charles H. Foley,* of Martinsville, for appellant.

*Donald F. Roberts,* of Indianapolis, and *C. Virgil Sears,* of Danville for appellees.

ROYSE, J.—Appellant brought this action against appellees to enjoin them from going upon the waters of Lake Patton in Morgan County. This lake was created by a dam which impounded the waters of a non-navigable stream flowing through the lands of the parties hereto and others.

The complaint was in one paragraph. Answer in three paragraphs, and reply to the third paragraph of answer. Appellees filed a cross-complaint in one paragraph which appellant answered in one paragraph. We do not deem it necessary to set out these pleadings. The cause was tried to the court. Upon timely request the trial court made a special finding of facts and stated as its conclusions of law: (1) That the law is with the defendants; (2) That the plaintiff is not entitled to the relief prayed in its complaint; (3) That the defendants and cross-complainants are entitled to the relief prayed in their answer and cross-complaint and to nominal damages and their costs, etc.

The judgment of the trial court, omitting the formal parts and description of the real estate, was as follows:

"It is, therefore, considered and adjudged by the Court that the plaintiff take nothing by its suit.

"It is further considered and adjudged by the Court that the plaintiff, Patton Park, Incorporated, be enjoined from in any manner or way interfering with the cross-complainants and each of them and or members of their family, agents, servants, tenants, lesses, employees, executors or heirs or assigns and or purchasers for value of real estate from the cross-complainant or each of them of their said land described in the cross-complaint and the complaint herein and described as follows, to-wit: . . ., in the lawful, peaceful use of the waters of the dammed portion of 'Lambs Creek' or 'Wilbur Branch' now known as 'Patton Lake'. That said plaintiffs be further enjoined from attempting to make a charge, or making a charge of the sum of twenty-five dollars per year, more or less, against cross-complainants herein and each of them their agents, servants, tenants, lessees, employees, executors or heirs or assigns or to any grantee, who may purchase said lands or a portion of said lands laid off into lots or otherwise or to any agents, servants, tenants, lessees, employees, executors, heirs or assigns of any person, firm or corporation, so making such purchase from cross-complainants or each of them.

"It is further considered and adjudged by the Court that cross-complainants recover of and from the plaintiff herein nominal damages in the sum of one dollar.

"It is further considered and adjudged by the Court that the cross-complainants recover of and from the plaintiff their costs in this behalf paid, laid out and expended."

Appellant's motion for a new trial was overruled. The assignment of errors here is: (1) The Court erred in its conclusion of law No. 1 upon the special finding of facts; (2) The Court erred in its conclusion of law No. 2 upon the special finding of facts; (3) The Court erred in its conclusion of law No. 3 upon the special finding of facts; (4) The Court erred in overruling appellant's motion to make additional evidence under Rule 1-8 of the Supreme Court; (5) The Court erred in overruling appellant's motion for a new trial.

Appellees contend no question is presented by this appeal because they assert the exceptions taken by appellant to the trial court's conclusions of law ■ are insufficient and indefinite. Exceptions are not necessary. Rule 1-5, Rules of the Supreme Court, 1943 Revision.

Appellees further contend this court is without jurisdiction to entertain this appeal because the judgment is for less than $50. In addition to the money ■ judgment the trial court's judgment denied appellant's request for an injunction and enjoined appellant from interfering with appellees' use of their land. Appeals from an order granting or denying a permanent injunction are appealable to this court. *Swaim, et al.* v. *City of Indianapolis* (1930), 202 Ind. 233, 171 N. E. 871.

Neither in their brief nor at the oral argument of this cause have appellees discussed the merits of the questions presented by this appeal.

Appellant does not question the sufficiency of the evidence to sustain the findings of fact, but earnestly contends upon the facts found the trial court's conclusions of law are erroneous. The facts found by the court are, in substance, as follows:

Appellant is a corporation organized for the purpose of owning and acquiring land for the establishment of a recreational park to be known as Patton Park in Morgan County, Indiana, for the use and benefit of the citizens of said county and the public generally, and to do any and all things necessary to the proper maintenance of said park. Appellees are husband and wife. On October 9, 1936, one Joseph E. Kernel, then owner of certain described real estate in Morgan County, conveyed and granted to Morgan County an easement over and across said lands for the purpose of a lake, the

easement, omitting description and formal parts, being as follows:

"This Indenture Witnesseth, That the undersigned as grantors and sole owners of land in Morgan County, described as follows, towit: . . . Warrants and conveys to the County of Morgan for purposes of submersion the above described land.

"The above and foregoing grant is made in consideration of the benefits to be derived by the said land owners on account of the influence of said lake upon other lands of the grantors and to induce the location, construction and operation of such lake, along and upon and near the lands of the grantors.

"It is further understood and agreed that this conveyance transfers only the right to make, construct and maintain a permanent submersion, and does not convey any rights to any minerals or other substances underneath the surface except as may be used in the construction or maintainance of such submersion."

At a meeting of the Board of Commissioners of Morgan County held on April 3, 1939, it was ordered that the lands comprising Patton Park be deeded to appellant because said county did not have funds for the improvements of Patton Park, and for the further reason that it was agreed at the time a certain deed was accepted from Patton Park Association that at any time the county deemed it necessary said Association would accept a deed for the return of same. On said day the county, by its written instrument, through its Board of County Commissioners, deeded the land constituting Patton Park, including the land deeded to it by Joseph E. Kernel, to the Patton Park Association. On October 18, 1939, said Joseph E. Kernel conveyed by warranty deed to appellees certain described real estate, containing 80 acres more or less, which conveyance was made subject to the easement made to Morgan County and subsequently assigned to appellant; that appellant is the owner of certain lands abutting Lake Patton

and a part of the lands covered by Lake Patton, the amount of said lands being 110 acres more or less, and is the holder of certain easements which were originally held by said Morgan County and were by it conveyed to appellant as herein set out; that whatever rights appellant has in Lake Patton or in the lands of appellees are derived from said conveyance by said Morgan County to it; that said Patton Lake is formed by means of a dam constructed upon appellant's lands during the years of 1936, 1937 and 1938 by the Works Progress Administration at a cost of $128,000.00 of United States funds across a non-navigable creek, commonly known as "Lambs Creek" which flowed and meandered through the lands of appellant, appellees and many other persons not parties to this suit; that said dam impounds the waters of said creek and has caused the lands of appellant, appellees and many others not parties to this suit, to become and now are submerged with water forming said Lake Patton which covers 130 acres of land; that appellant maintains and operates the lake, renting boats by the hour, day or season, charges admission to its park, and charges an annual privilege fee of $25 for persons who desire to place their own boats upon said lake; that as a resort and place for recreation, including boating, rowing and fishing, there is a demand for such service by people in the vicinity of the lake in the county and those who visit the county; that appellant uses the funds derived from the use of the lake for the purpose of operating, maintaining and keeping the property in repair, in the supervision over said lake and said premises, and has spent some funds in repairing the dam. Appellant has paid no dividends to any of its members nor has it paid any salary to any of its officers.

It was further found that at the time appellees be-

came the owners of the lands described above they knew appellant was in possession of said lake and lands and was maintaining and operating the same as aforesaid . and knew that it was charging persons to go upon said lake in boats for fishing, rowing and recreation, and also knew of the said easements by record notice and by personal investigation; that since the purchase of said real estate appellees have subdivided a portion of their land into lots and have sold and are selling said lots to various persons on contract at a profit; that appellees and their grantees have erected upon their lands ten cottages which are being occupied by appellees, their tenants, lessees and purchasers; that appellees, their tenants, lessees and purchasers are fishing and boating on said lake without paying any sum to appellant for so doing and have so used said lake prior to the filing of appellant's complaint, continuously since the filing and up to and including the present time, in defiance of appellant's protest, appellees maintaining that appellant did not have the right to exercise any control over the water of said lake over the lands of appellees and other persons.

The court further found that the Board of Commissioners of Morgan County, in conveying the lands as above stated to appellant, did not sell the property at public auction after advertising it for sale 60 days in a newspaper of general circulation, did not post notice of said sale at the court house and did not give in any notice the terms, time and place of sale and description of the property to be sold; that appellant did not at any time submit a bid for the land or easements conveyed to it and did not pay any sum to Morgan County at the time of conveyance nor since this conveyance was made to it; that had said sale been advertised by the Board of Commisioners there were other prospective

purchasers who desired to bid at said sale; that since the dam was completed by W. P. A. it has been raised by appellant at least 16 inches without filing any petition with the court to do so; that appellant's agents, employees or servants have ordered off the waters of Lake Patton appellees, their guests and other property owners whose lands abutted said lake; that certain lands of which this lake is a part and lands abutting said lake and over which appellant is asserting control are in fact owned by individuals who are officers and directors of appellant; that since the establishment of said lake all lands contiguous, abutting and adjoining said lake have increased in value.

It was also found that appellees and their immediate grantor never considered that the easements mentioned above surrendered any rights of the persons signing same to rights of boating or fishing on said lake, but considered that by the execution of said easements by the land owners that such owners would have the privilege of boating and fishing on said lake as part of the consideration of such easement or grant signed by them; that appellant claims and asserts the right to charge and collect from defendants and grantees the annual fee of $25 from each of them respectively as an annual privilege for placing upon said lake their own boats and rowing and fishing in said waters, and has demanded payment from such persons for such privilege, and that it received such rights because of the conveyance made to it by the county, as stated herein.

It is well established that the owner of lands upon which there is located a non-navigable stream or lake, owns the surface of the waters thereon, and has the right to control the surface thereof, and the public has no right of fishery or to go upon such

waters for any purpose without a license from the owner. *Sanders, Jr. v. De Rose* (1934), 207 Ind. 90, 191 N. E. 331; *Millspaugh, Administrator v. Northern Indiana Public Service Company* (1938), 104 Ind. App. 540, 12 N. E. (2d) 396; *Lembeck v. Nye* (1890), 40 Oh. St. 336, 24 N. E. 686.

It is equally well settled that one having possession of property may maintain an action against a wrong-doer for an injury thereto, which cannot be defeated by showing the title to be in some one other than the plaintiff. *The Bristol Hydraulic Co., et al. v. Boyer* (1879), 67 Ind. 236, 240; *The Ohio and Mississippi Railway Company v. Trapp* (1891), 4 Ind. App. 69, 75, 30 N. E. 812.

The special findings indicate the lake involved in this controversy was completed in 1938 and that appellant was and has been in possession of it since its completion. Whatever interest the appellees acquired in this real estate was not acquired until October, 1939. Appellees took their title subject to the easement granted to Morgan County by their grantor in October, 1936, and subsequently conveyed to appellant prior to the time appellees acquired their title. This easement was given for the purpose of inducing the *location, construction and operation* of a lake upon such lands and gave the *right to make, construct and maintain a permanent submersion*. Appellees had full knowledge of this easement and if they misinterpreted its import that cannot affect any rights the appellant has thereunder. Therefore, the crux of this case is the determination of what was intended by this easement.

It is an elementary rule of law that words used in a contract must be given their plain and ordinary

meaning. *Murphey* v. *Inter-Ocean Casualty Company* (1934), 98 Ind. App. 668, 186 N. E. 902; *Modern Woodmen of America* v. *Miles* (1912), 178 Ind. 105, 97 N. E. 1009. Deeds are to be construed as a whole and no part rejected. Effect is to be given to each and every part thereof. *Claridge* v. *Phelps et al.* (1938), 105 Ind. App. 344, 11 N. E. (2d) 503.

With these rules in mind we proceed to a consideration of what was intended by this easement. It is plain to us that the grantor hoped and expected that the value of other lands owned by him would be increased if a lake was located, constructed and operated on the land here involved. To accomplish this purpose he was willing to and did grant to Morgan County the right "to make, construct and maintain a permanent submersion" on this property. It appears clear to us that by granting the right of "operation" of the lake it was clearly intended that the grantee should act as the agency which would control and manage the lake when it was constructed. We are strengthened in this belief by the proviso limiting the easement wherein it is stated that the only "right" transferred is "to make, construct and maintain a permanent submersion." By the use of the word "maintain" the grantor positively indicated he intended the grantee to keep possession of and not to surrender or relinquish the control of said lake: (This is one of the generally accepted meanings of the word "maintain". Webster's New International Dictionary). Therefore, we are of the opinion that this easement gave to the grantee the sole right and authority to manage and control this lake.

The special findings indicate that at the time Morgan County conveyed to appellant the easement it re-

ceived from Joseph E. Kernel, said county also conveyed other easements which it had received from appellant under some form of agreement that appellant would, if the county deemed it necessary, accept back from said county the easement granted. This agreement is not set out in the findings and we have no means of knowing what, if any, effect it might have on the right of the county to convey the easement here involved. We do not pass on the question of the legality of the conveyance from the county to appellant, but as to the parties here involved, since the terms of the easement are unambiguous and it is clearly shown that appellant was in possession and control of the property prior to and since appellees' acquisition of the property, and has at all times controlled or attempted to maintain and assert such control, we are constrained to hold that the trial court erred in its conclusions of law Nos. 1, 2 and 3.

In view of the conclusion we have reached, we do not deem it necessary to pass on other questions raised in appellant's brief.

The judgment of the Hendricks Circuit Court is reversed with instructions to re-state its conclusions of law in conformity with the views herein expressed.

NOTE.—Reported in 55 N. E. (2d) 328.