BESING ET AL. v. OHIO VALLEY COAL COMPANY.

[No. 1-772A23. Filed March 19, 1973.]

*Edwin W. Johnson, Charles C. Griffith, Johnson, Carroll and Griffith,* of Evansville, for appellant Jesnia C. Besing, *Hall and Partenheimer, David C. Luecking,* of Princeton, for appellant John Sipp Smith.

*K. Richard Hawley, Henry C. Hudson, Clements, McClellan & Hawley,* Mt. Vernon, *King, Deep, Branaman, Hunt & Sheffer,* Henderson, Kentucky, *Robert W. Brigham, Brigham & Brigham,* Cincinnati, Ohio, for appellee.

ROBERTSON, P.J.—The plaintiff-appellee (Ohio Valley) filed two paragraphs of complaint, one to quiet title, and one for declaratory judgment against the defendant-appellant

(Besing). Both paragraphs were directed to the legal interpretation of the phrase "oil, gas and other minerals" as used in a deed insofar as it is determinative of the ownership of coal deposits underlying the real estate described in the deed. The trial court found for Ohio Valley on both paragraphs with this appeal resulting.

The stipulated facts show that on June 30, 1940, the Cynthiana State Bank of Cynthiana, Indiana, was the fee simple owner of the subject real estate located in Posey County, Indiana. By an instrument entitled "Mineral Deed", dated July 1, 1940, the Bank conveyed to Victor C. Besing "a undivided one half (½) interest in and to all of the oil, gas and other minerals in and under, and that may be produced from" the subject real estate. On July 30, 1940, Victor C. Besing and his wife, Jesnia C. Besing, conveyed to W. W. Sipp by a mineral deed an undivided ¼ interest in and to all of the oil, gas and other minerals that may be produced from the property. Defendant John Sipp Smith is now the owner by inheritance of the ¼ interest conveyed to W. W. Sipp by Victor C. Besing. Defendant Jesnia C. Besing is now the owner by inheritance of the ¼ interest retained by Victor C. Besing, deceased. On December 28, 1970, Ohio Valley obtained by warranty deed from the successors in title to the Cynthiana State Bank all of the interest in the coal and other minerals mixed with coal which the Bank owned after its conveyance to Besing on July 1, 1940. The parties further stipulated that if the conveyance from the Cynthiana State Bank to Victor C. Besing did not convey an interest in coal and other minerals mixed with coal, then a judgment should be entered declaring the plaintiff, Ohio Valley, the owner of the coal and other minerals contained in coal and quieting title thereto in the coal company and against the defendants. Conversely, it was stipulated that if the conveyance from the Bank to Besing did not convey an interest in the coal, then title in coal and other minerals mixed with coal should be quieted in the following parties: Ohio Valley Coal Company, an undivided ½;

Jesnia C. Besing, an undivided ¼; and John Sipp Smith, an undivided ¼.

Upon conclusion of all the evidence, which consisted solely of three witnesses for Ohio Valley, the trial court entered its findings of fact and conclusions of law. In its findings of fact, the court found, among other things, that the "Mineral Deed" from the Cynthiana State Bank to Victor C. Besing was ambiguous as to the interest conveyed, because the instrument did not show on its face whether the term "oil, gas and other minerals" includes coal. In its final two findings, the court concluded that from the circumstances surrounding the facts within the knowledge of the parties as shown by the evidence in this case and the language in the deed, it was the intention of the Cynthiana State Bank to convey only oil and gas rights by the mineral deed to Victor Besing and it was the intention of Besing to purchase only the oil and gas rights by the deed.

Besing proposes, and Ohio Valley appears to concur, that the sole issue to be determined in this appeal is "Did the instrument entitled 'Mineral Deed', dated July 1, 1940, wherein Cynthiana State Bank conveyed to one Victor C. Besing 'an undivided one-half (½) interest in and to all of the oil, gas, and other minerals in and under and that may be produced' from the forty (40) acre tract therein described, convey the coal rights, or did such conveyance only convey the oil and gas rights?"

It is clear from the language employed in the deed that it was the intention of the Cynthiana State Bank, as the grantor, to convey to Victor Besing oil and gas rights, however, the question which is not so clear and upon which this case must ultimately turn is what was intended by the phrase "and other minerals". Besing contends that the language and "and other minerals" is unambiguous and that the clear intent of the grantor was to convey the entire mineral estate which would include coal. The trial court, however, found that the deed was ambiguous as to the interest conveyed because it did not show on its face

whether the term "oil, gas, and other minerals" includes coal. We find agreement with the court's determination that the language "gas, oil and other minerals" is ambiguous. The basis for our agreement is that the intent of the parties is not clear on the face of the instrument. The phrase "and other minerals" is susceptible of more than one reasonable interpretation as to the grantor's intent. It could reasonably be interpreted that by the use of "and other minerals" in conjunction with and immediately following "oil, gas" it was the intent of the grantor to convey oil, gas and any other minerals ordinarily produced from oil and gas wells; or that by use of "other minerals", as opposed to "all other minerals", the grantor intended to convey some but not all other minerals; or the grantor intended to convey all other minerals.

In *Monon Coal Co.* v. *Riggs* (1944), 115 Ind. App. 236, 56 N.E.2d 672, the issue was presented to this court as to whether a warranty deed conveying "all the coal and fireclay and minerals underlying the surface" included oil and gas. It was held in *Monon* that the language in the deed was ambiguous and the true intent of the parties could not be gathered from a fair consideration of the entire instrument. As in the *Monon* case, the true intent of the parties to the deed here in question cannot be gathered from a fair consideration of the entire instrument.

It is urged by Besing that significance be attached to the following language as found in the description paragraph of the deed: ". . . with the right of ingress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals . . .". We do not find this language to clearly establish the intent of the parties or to be curative of the heretofore discussed ambiguity. While there is some validity to the argument that the term "mining" is generally used with reference to solid minerals such as coal, there is equal authority for the proposition that oil and gas are obtained from the earth by "mining". In *Ozark Chemical Co.* v. *Jones,* 10 Cir., (1941), 125 F. 2d 1, 6, it was stated with

numerous authorities footnoted in support thereof: "The Supreme Court of the United States and the courts of the oil and gas states have uniformly held that oil is a mineral and its extraction by means of wells is mining".[1] Furthermore, expert testimony in the instant case revealed that while there exists some difference of opinion as to the correct usage of "mining", the term is sometimes used in reference to oil and gas.

Having found the language of the deed to be ambiguous and that the intent of the parties could not be gathered from an examination of the entire instrument, we are of the opinion that the court below properly placed itself in the position of the parties to the conveyance when the instrument was executed, and considered, by the admission of parol evidence, the surrounding circumstances in order to ascertain the intent of the parties. *Monon Coal Co.* v. *Riggs, supra, Lassiter* v. *Goldblatt Bros.* (1942), 220 Ind. 215, 41 N.E.2d 803.

Upon its consideration of the circumstances surrounding the conveyance in question, the court made the following findings of fact. Before the conveyance from the Cynthiana State Bank to Victor Besing on July 1, 1940, Besing engaged in numerous transactions in the oil business in Posey and Gibson counties, including the purchasing and selling of oil and gas leases, and oil and gas interests in fee simple. Besing did not engage in the purchase and sale of coal interests or coal leases in Posey or Gibson County. The language used in the mineral deed from the Bank to Besing is substantially the same as the language used by oil companies in instruments by which they obtained and conveyed oil interests in the local area. During the period from July,

---

1. Although not controlling in the instant case, a statute was in effect in Indiana from 1889 to 1929 which provided that the word "mining" included the sinking of gas wells. Acts of 1889, Ch. 28, §§ 1-5, p. 38. Cited in *The State, ex rel. Corwin* v. *The Indiana and Ohio Oil Gas and Mining Co.* (1889), 120 Ind. 575, 22 N.E. 778.

1940, until approximately the year 1965, although coal was known to be present in Posey County, it was not generally considered to be commercially minable or recoverable coal, and there was no active program to lease or purchase coal rights as such in Posey County. At the time of the conveyance by the Bank to Victor Besing, the real estate conveyed was subject to an oil and gas lease which was specifically referred to in the deed. From these findings of fact, which are unchallenged on appeal, the court concluded that there was no intention to convey an interest in coal. It is our opinion that the evidence as set out in the foregoing findings of fact is sufficient to support the trial court's judgment.

It is apparent in viewing the circumstances surrounding this transaction that the parties to the conveyance were preoccupied with oil and gas and did not evidence a specific intent to include or exclude coal. One authority in this field has suggested the following approach where a specific intention as to a substance in question cannot be clearly ascertained:

> "The intention sought should be the general intent rather than any supposed but unexpressed specific intent and further that general intent should be arrived at, not be defining and redefining the terms used but by considering the purposes of the grant or reservation in terms of the manner of enjoyment intended in the ensuing interest."

Kuntz, The Law Relating to Oil and Gas in Wyoming, 3 Wyo. L.J. 107, 112. Also see: Kuntz, Law of Oil and Gas, 513.3, pp. 305, 306. In her brief, Besing has alluded to the same authority as quoted with approval in *Acker* v. *Guinn* (1971), Tex. 464 S.W.2d 348. We are unable to find support for Besing's position in the *Acker* case or in the particular quoted material, a passage of which reads:

> "When a general grant or reservation is made of all minerals without qualifying language, it should be reasonably assumed that the parties intended to sever the entire mineral estate from the surface estate, leaving the owner of each

with definite incidents of ownership enjoyable in distinctly different manners."

In the instant case there was not a grant of all minerals without qualifying language, but rather a grant of "other minerals" as qualified by the words "oil, gas, and" immediately preceding "other minerals". The evidence relating to the circumstances surrounding the transaction in question here revealed that the only ascertainable purpose or general intent of the conveyance was to transfer an interest in oil and gas. There was no evidence of a general intent to sever the surface estate from the entire mineral estate.

We do not believe that the trial court's conclusion, which we affirm, that the parties to this conveyance intended to transfer only gas and oil rights renders the language "and other minerals" meaningless. It is a well established rule in Indiana that in construing a deed effect should, if possible, be given to each and every part thereof. *Patton Park, Inc.* v. *Pollak* (1944), 115 Ind. App. 32, 55 N.E. 2d 328; *Claridge* v. *Phelps* (1937), 105 Ind. App. 344, 11 N.E. 2d 503; *Miller* v. *Harland* (1921), 78 Ind. App. 56, 130 N.E 134. In this regard the court's Finding of Fact No. 12 is significant:

"That as a natural adjunct to the production of oil or natural gas from a drilled oil and/or gas well, certain hydrocarbons which are known as casing head gasoline and casing head gas are also sometimes produced, and in addition to these hydrocarbons, on some occasions sulphur, helium, brine, and carbon dioxide are also naturally produced along with the production of oil and gas from a drilled oil or gas well."

In *Panhandle Cooperative Royalty Co.* v. *Cunningham* (1971 Okla. Sup. Ct.), 495 P.2d 108, the Oklahoma Supreme Court in holding that "oil, gas and other minerals" did not include copper, gold, or any other types of metallic ores or metallic

minerals,[2] discussed the question of what was meant by "other minerals".

> "The query is: if only oil and gas were to be granted why the expression "and other minerals?" May there be "other minerals" than those referred to as oil or gas . . . produced as oil or gas, or as a component thereof from the same well bore through the same string of casing or through the annular space between two strings of casing? The answer is 'Yes' and lies partly in the history of litigation over these terms."

Thus, we conclude that the effect to be given to the language is that "other minerals" includes only such other minerals as are produced as a component or constituent of oil and gas from a drilled oil or gas well.

Of final consideration is the argument as presented by Besing that the language of the deed should be construed against Ohio Valley as the successor in title to Besing's grantor, the Cynthiana State Bank. Indeed the rule in this state, as it is in most jurisdictions, is that a deed must be strictly construed against the grantor. *Long, Admr., et al.* v. *Horton et al.* (1956), 126 Ind. App. 651, 133 N.E.2d 538. *Shandy* v. *Bell* (1934), 207 Ind. 215, 189 N.E. 627. However, the reason underlying this rule is that the grantor had the advantage of drafting the instrument. *Long, Admr., et al.* v. *Horton et al., supra.* In the instant case Besing has failed to direct us, nor are we able to find, any evidence in the record that the deed in question was prepared by the Cynthiana State Bank as the grantor. Furthermore, it is not a proper case for application of this rule where its effect would be to violate the intent of the parties.

---

2. In considering a deed of striking similarity to that of the Besing deed, the Oklahoma court held that the language of the instrument was not ambiguous and the intent of the parties could be ascertained from the writing alone. Although the result reached in the *Panhandle* case is similar to that of the instant case, we do not find the Oklahoma court's approach applicable to this cause under the controlling Indiana law as recited in *Monon Coal Co.* v. *Riggs, supra.*

There being no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.