**BERGER FARMS, INC.,**
**Appellant–Plaintiff,**

v.

**Stanley ESTES, Susan Estes, Daniel Hurd, Their Agents and Invitees, Appellees–Defendants.**

No. 43A05–9507–CV–274.

Court of Appeals of Indiana.

March 12, 1996.

---

Jere L. Humphrey, Plymouth, for Appellant.

## OPINION

SHARPNACK, Chief Judge.

Berger Farms, Inc ("Berger") appeals the trial court's grant of summary judgment in favor of the appellees-defendants, Stanley Estes, Susan Estes, Daniel Hurd, their agents and invitees (collectively "the Estes"). Berger is seeking to enjoin the Estes from trespassing onto its property. Berger raises one issue for review which we restate as whether the trial court erred in denying its motion for summary judgment and granting summary judgment in favor of the Estes. We reverse and remand.

The facts are undisputed. In August of 1977, Berger received a conveyance for a thirteen acre tract of land containing a private lake known as Dead Lake. The Estes owned a tract of land neighboring Berger's property upon which the lake intrudes a short distance. The portion of Dead Lake which extends onto Estes's property constitutes less than five percent of the total body of the lake. To the offense of Berger, the Estes have crossed over and engaged in activities, such as boating and fishing, upon Berger's side of the lake.

On August 16, 1994, Berger filed an action to enjoin the Estes from trespassing upon its portion of the lake. On March 20, 1995, Berger moved for summary judgment. On May 19, 1995, the trial court denied Berger's motion and granted summary judgment in favor of the Estes. Berger now appeals this determination.

When we review a trial court's entry of summary judgment, we are bound by the same standard as the trial court. *Ayres*

*v. Indian Heights Volunteer Fire Dept., Inc.,* 493 N.E.2d 1229, 1234 (Ind.1986). "The appellant bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law." *Rosi v. Business Furniture Corp.,* 615 N.E.2d 431, 434 (Ind. 1993).

Berger argues that it was entitled to judgment as a matter of law. It contends that the trial court erred when it overturned established precedent to find that Berger could not enjoin the Estes from intruding on Berger's portion of the lake. We agree.

In its decision, the trial court reasoned that although precedent cases "seemingly disposed of" the present dispute in favor of Berger, these cases were not controlling because they were outdated and incorrectly decided. Record, pp. 70–72.

■ In Indiana, we follow the doctrine of *stare decisis.* In *Marsillett v. State,* the supreme court held:

> "Under the doctrine of *stare decisis,* this Court adheres to a principle of law which has been firmly established. Important policy considerations militate in favor of continuity and predictability in the law. Therefore, we are reluctant to disturb long-standing precedent which involves salient issues."

*Marsillett v. State,* 495 N.E.2d 699, 704 (Ind. 1986); *See Nash Eng'g Co. v. Marcy Realty Corp.,* 222 Ind. 396, 399, 54 N.E.2d 263, 268 (1944) (holding that the doctrine of *stare decisis* is most frequently applied in cases affecting real property). Accordingly, we will follow the appropriate precedent in rendering our opinion.

■ Determinations of riparian rights generally turn upon whether a lake is navigable or nonnavigable. *See Bath v. Courts,* 459 N.E.2d 72, 75 (Ind.Ct.App.1984). While Indiana courts have not clearly defined "navi-

gable", the courts have provided some guidelines concerning nonnavigable lakes. A lake is nonnavigable when it is enclosed and bordered by riparian landowners. *Id.* (citing *Stoner v. Rice,* 121 Ind. 51, 22 N.E. 968 (1889)).[1]

In the present case, there is no dispute that Dead Lake is nonnavigable. Dead lake is enclosed by the property of two landowners, Berger and the Estes. Upon finding that Dead Lake is nonnavigable, we now determine the appropriate riparian rights.

■■ It is well established that the owner of land, upon which there is located a nonnavigable lake, owns and has the right to control the surface of the lake. *Patton Park, Inc. v. Pollak,* 115 Ind.App. 32, 40, 55 N.E.2d 328, 331 (1944). When a nonnavigable lake covers the property of more than one landowner, "each owner has the right to the free and unmolested use and control over his portion of the lake bed and water thereon for boating and fishing." *Sanders v. De Rose,* 207 Ind. 90, 95, 191 N.E. 331, 333 (1934). As such, the landowner has the right to enjoin others from intruding onto his portion of the lake. *Id.*

■ Here, the Estes have crossed over from their small portion of Dead Lake onto Berger's portion. To the offense of Berger, the Estes have engaged in activities, such as boating and fishing, upon Berger's property. Under *Sanders,* Berger has the right to exclude its neighbors, the Estes, from intruding onto its portion of the lake. *Id.* Accordingly, as a matter of law, Berger may enjoin the Estes from trespassing onto its property.

The trial court erred in denying Berger's motion for summary judgment and granting judgment in favor of the Estes. *See Rosi,* 615 N.E.2d at 434. For the foregoing reasons, we reverse the judgment of the trial court and remand to the trial court to grant

---

**1.** We note that in *Bath,* we defined a nonnavigable lake in a slightly different manner from the original definition set out in *Stoner.* In that case, the supreme court determined that a lake was nonnavigable when "the subdivisions of the land are surveyed by running a meander line between the dry land and the water to ascertain the number of acres of dry land and designating such subdivision as a fractional quarter or a lot, giving the number of acres of dry land...." *Stoner,* 121 Ind. at 52–53, 22 N.E. at 968. However, under either definition, Dead Lake is nonnavigable.

summary judgment in favor of Berger together with appropriate injunctive relief.

REVERSED AND REMANDED.

BARTEAU and DARDEN, JJ., concur.