May Term,
1861.

FOSTER
v.
DRYFUS.

think that it establishes that he had ceased to be a house-holder within the meaning of the act under consideration.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*N. O. Ross* and *R..P. Effinger*, for the appellant.
*Orris Blake*, for the appellees.

------

## FOSTER *v.* DRYFUS.

Where no objection is made to the sufficiency of an attachment proceeding on its face, an appearance and plea to the action, by the defendant, without controverting the facts alleged in the affidavit for the attachment, is an admission of those facts, except, perhaps, the existence of the debt sued for.

Facts stated in an affidavit for an attachment may be denied or avoided, if facts in avoidance exist, by answer.

Where an issue is formed on an affidavit for attachment, it should be tried by the Court, or jury, with the issues in the cause in which the attachment issued.

Where an affidavit for an attachment is not controverted, it is too late, after the trial of the issue in the principal cause, for the defendant to object that facts do not exist authorizing the attachment.

Whether property has been duly attached and appraised, are questions for the decision of the Court, in determining whether an ordinary judgment only should be rendered for the plaintiff, or whether the attached property should be ordered to be sold.

The sheriff's return to a writ of attachment is competent evidence to show a proper service.

*Thursday,*
*May 30.*

APPEAL from the *Gibson* Circuit Court.

WORDEN, J.—*Foster* sued *Dryfus* for money demands on contract. At the same time, on an affidavit and bond filed, he caused writs of attachment to issue against the property of the defendant, which were served and returned. The defendant appeared and pleaded to the action, without controverting, or avoiding the facts alleged in the affidavit for the attachment. Trial, and verdict for the plaintiff. After

verdict, and before judgment, the defendant moved to dismiss the attachment, " on the sole ground that the plaintiff had not given in evidence *to the jury* the affidavit for attachment filed herein, nor the two several writs of attachment issued herein, with the sheriffs' returns indorsed thereon; nor any evidence tending to show that the persons chosen by the several sheriffs to appraise the property attached, were disinterested and credible householders in their respective counties; nor any evidence tending to show that the facts set forth in the plaintiff's affidavit to obtain said attachment, to wit: that the defendant had sold and conveyed his property subject to execution with the fraudulent intent to cheat and defraud his creditors; and that the defendant was about to sell other of his property subject to execution, with such fraudulent intent, were true." Before the decision of this motion, the plaintiff offered to give the affidavit, writs of attachment and sheriffs' returns thereon, and evidence in support of the attachment, in evidence *to the Court;* but the Court refused to receive the evidence, and sustained the defendant's motion to dismiss the attachment; to which rulings the plaintiff excepted. An ordinary judgment was rendered for the plaintiff, on the verdict,

The errors assigned are the rulings of the Court in dismissing the attachment, and refusing to order the attached property to be sold. We are of opinion that the Court erred in its rulings. No objection was made to the sufficiency of the attachment proceedings on their face. The appearance by the defendant and pleading to the action, without controverting the facts alleged in the affidavit for the attachment, was an admission of those facts; except, perhaps, the existence of the debt sued for, which was found for the plaintiff by the verdict of the jury. The facts stated in the affidavit for an attachment may be denied, or avoided, if facts in avoidance exist, by answer. *Collins* v. *Nichols,* 7 Ind. 447; *Cooper* v. *Reeves,* 13 Ind. 53; *The State, ex rel. Biddinger* v. *Manly et al.,* 15 Ind. 8. Where an issue is formed on the affidavit, it should be tried by the Court or jury, with the issues in the cause in which the attachment issued. After the trial of the issues in the principal cause, the affidavit not being contro-

May Term,
1861.

verted, it is too late for the defendant to object that facts do not exist, authorizing the attachment. *Vide, Hosier* v. *Eliason,* 14 Ind. 523. Whether property had been attached, and if so, whether it had been appraised with "the assistance of a disinterested and credible householder" of the proper county, were questions for the decision of the Court, in determining whether an ordinary judgment only, should be rendered for the plaintiff, or whether attached property should be ordered to be sold. We see no reason why the sheriff's return to the writs of attachment were not competent and legitimate evidence to show a proper service.

*Per Curiam.*—The judgment dismissing the attachment is reversed, with costs, and the cause remanded for further proceedings.

*Alexander C. Donald* and *J. T. Embree,* for the appellant.