UNITED STATES CAPSULE COMPANY *v.* ISAACS ET AL.

[No. 2,532.    Filed December 20, 1899.]

ATTACHMENT.—*Statute Must be Strictly Followed.*—Attachment proceedings being purely statutory, the statutory provisions relative thereto must be strictly followed.    *pp. 535, 536.*

SAME.—*Affidavit.*—An affidavit in attachment need not show that defendant has property subject to execution within the jurisdiction of the court.    *p. 536.*

SAME—*Affidavit.—Nature of Plaintiff's Claim.*—An affidavit in attachment which states that plaintiff's claim is for a balance due on a judgment in favor of the plaintiff, described in the complaint, and on account of goods sold and delivered, described in the complaint, sufficiently shows the nature of plaintiff's claim.    *p. 537.*

SAME.—*Affidavit.—Nature of Claim.—Reference May be Had to Complaint.*—Where the statement of the plaintiff's claim in an affidavit in attachment shows that it is one for which an attachment may issue, but is not so full as might be desired, reference may be had to the complaint to ascertain the precise nature of the claim.    *p. 538.*

APPEAL.—*Brief.—Failure to Comply with Rule Requiring Reference to Pages of Record.*—Where a record is voluminous, one waives his right to have a question considered on appeal when he fails to refer in his brief to the record pages where the proceedings complained of may be found, in accordance with rule twenty-two of this court.    *p. 539.*

ATTACHMENT.—*Answer.—Abatement.*—Where the facts in an affidavit in an attachment are denied by an answer, such answer is in bar of the proceedings in attachment, and not in abatement of the writ.    *p. 540.*

CORPORATIONS.—*Consolidation.—Liability of New Corporations for Debts of Consolidating Companies.*—Where a new corporation is formed out of old ones, and the assets of the old ones are turned over to it as a part of its assets, the new or consolidated corporation will be liable for the debts of the constituent corporations, to the extent of the property or assets thus acquired.    *p. 544.*

SAME.—*Action Against Consolidated Corporation for Debt of a Constituent Company.—Complaint.*—In an action against a new corporation formed by consolidating several old ones, to recover a debt due from one of the consolidating corporations, it is not necessary to allege in the complaint, nor to prove on the trial, that the transfer of the stock to the new corporation was without consideration.    *pp. 544, 545.*

From the Marion Superior Court.    *Affirmed.*

*S. N. Chambers, S. O. Pickens* and *C. W. Moores*, for appellant.

*Lucius B. Swift,* for appellees.

WILEY, C. J.—The appellees, Solomon Isaacs, Emil Calmon and Gustav B. Calmon, under the firm name of S. Isaacs and Company, commenced their action in attachment against appellant. Their complaint was in three paragraphs. With the complaint an affidavit of attachment was filed, a writ duly issued and levied upon certain real estate. Counsel for appellant thereupon entered their special appearance and moved to quash the writ of attachment. This motion was based upon two reasons: (1) "Because it does not appear from the affidavit that there is property of the defendant within the jurisdiction of this court subject to execution;" and (2) "that the affidavit shows on its face that it is on the balance of a judgment against the National Capsule Company, and not against this defendant, and it fails to show that there is any cause of action against the defendant." This motion was overruled, and the motion, together with the ruling thereon, are brought into the record by bill of exceptions. Appellant then asked leave to enter its further special appearance and file its plea in abatement to the affidavit in attachment, which motion was overruled, and such motion and ruling thereon are also brought into the record by bill of exceptions. Appellant then entered its appearance and filed its plea in abatement to the affidavit in attachment, to which the original plaintiffs demurred, and the court sustained the same. Appellant then demurred to each paragraph of complaint, which demurrer was overruled and exceptions were reserved? Appellant then filed an answer to each paragraph of complaint, and to the attachment proceedings, in general denial. Appellee Groedel filed his complaint under the original action and the issue was joined thereto by answer in denial. Under the issues thus joined the case was tried by the court, resulting in a general

finding and judgment for appellees for the several amounts found to be due them, and sustaining the attachment proceedings. Appellant's motion for a new trial was overruled, and on appeal it has assigned errors as follows: (1) The court erred in overruling the motion to quash the writ of attachment; (2) the court erred in overruling the motion for leave to appear specially and file a plea in abatement; (3) the court erred in sustaining the demurrer to appellant's plea in abatement; (4, 5, and 6) the court erred in overruling the demurrer to each paragraph of the complaint of Isaacs & Company; (7, 8, and 9) the court erred in overruling the motion for a new trial upon each of the issues submitted. We will consider the assigned errors in their order, in so far as it may be necessary to determine whether or not any of them are predicated upon reversible errors.

The affidavit in attachment, omitting the formal parts, is as follows: "Lucius B. Swift, being duly sworn, says that he is the plaintiffs' attorney in the above entitled cause, and on behalf of plaintiffs he says that the plaintiffs' claim in said action is on a balance of a judgment entered in cause No. 6956, in order-book 111, p. 489, in the circuit court of Marion county, Indiana, in cause No. 6956, Solomon Isaacs, et al., v. National Capsule Company, and described in the complaint in this action, and on account for goods sold and delivered, also described in said complaint; that affiant believes that the plaintiffs ought to recover thereon $1,-310.37, with interest, etc., and that the defendant is a non-resident of the State of Indiana." We have above noted the objections to the affidavit. Attachment is a statutory proceeding, and, as defined by Mr. Drake, is "A provisional remedy whereby a debtor's property, real and personal, or any interest therein capable of being taken under a levy and execution, is placed in the custody of the law to secure the interests of the creditor pending the determination of the cause." Drake on Attachment, §5; Elliott's Gen. Prac., §378. It is the well settled rule in this jurisdiction that, as

such proceedings are of purely statutory origin the statutory provisions relative thereto must be strictly followed. *Louisville, etc., R. Co. v. Parish,* 6 Ind. App. 89; Wade on Attachment, §§551-3, 733; 1 Am. & Eng. Ency. of Law, 894. The affidavit shows that appellant was a nonresident, and hence there existed a statutory cause for an attachment. §913 Horner 1897.  Before an attachment writ can issue, it is necessary for the plaintiff to show by affidavit four things: (1) The nature of his claim; (2) that it is just; (3) the amount he believes he ought to recover; and (4) that there exists in the action one of the grounds for an attachment. The affidavit in this case clearly covers the last three requirements, for it is averred that the claim is just, the amount plaintiffs ought to recover, and that appellant is. a nonresident.  Appellant urges that the affidavit is defective because is does not show that the appellant had property within the jurisdiction of the court subject to execution, and says that it has been held that such averment is necessary, citing *Blair* v. *Smith,* 114 Ind. 114.  In that case it is said in the syllabus that "an affidavit in attachment, which fails to show that the property sought to be reached is subject to execution, is not sufficient, and the procedings may be quashed."  This would seem to sustain appellant's position, but when we look to the body of the opinion, it is plain that the rule is not correctly stated.  That was not a proceeding in attachment, under the statute cited, but a proceeding supplementary to execution. Upon the question there under discussion, Elliott, J., said:  "No error was committed in quashing the attachment proceedings for the affidavit is insufficient.  It is not shown in the affidavit, as the law requires, that the property sought to be reached was subject to execution," citing §819 R. S. 1881, being §831 Burns 1894.  Continuing the court said: "It is only property subject to execution that a creditor can assert a claim against.  If the property is not subject to execution, the debtor has an absolute right of disposition, with which creditors can not interfere.  It is, therefore, no

answer to the objection to aver that the property was fraudulently conveyed, for if it was not subject to execution, creditors cannot be heard to aver that the debtor made a fraudulent disposition of it." We can not believe that the Supreme Court, in the case just cited, intended to lay down as a general rule that, in attachment proceedings, it was essential to allege in the affidavit that property sought to be attached was subject to execution. The second and last objection urged to the affidavit is that the nature of the demand is not stated with sufficient certainty and definiteness to authorize the issuance of the writ, and because it affirmatively appears upon the face of the affidavit that there was no indebtedness from appellant to appellee existing. If appellant is right in this position, then the affidavit is insufficient, for, as we have seen, one of the essential elements of such an affidavit is to show "the nature of plaintiff's claim." This is one of the jurisdictional facts, and it must appear from the affidavit what the nature of the claim is, so that the court may determine if it is such a claim as will warrant the issuance of the writ. The nature of the claim, as described in the affidavit, is a judgment in favor of appellees against the "National Capsule Company and described in the complaint," and on "account of goods sold and delivered, also described in said complaint." We are inclined to the view that the affidavit is sufficiently definite in this respect. It shows the action is for the "recovery of money," and says that it is for a balance due on a judgment against the National Capsule Company, and for goods sold and delivered, "as described in the complaint", and it contains the further statement that the affiant "believes that the plaintiffs ought to recover thereon" a fixed amount.

In *Thierman* v. *Vahle*, 32 Ind. 400, the affidavit described the nature of the claim as "a balance due on account for goods sold and delivered," and the Supreme Court held it sufficient. Even if we wholly disregard that part of the affidavit relating to a judgment against the "National Cap-

sule Company," still the "nature of the plaintiff's claim" is sufficiently described as being upon an account for goods sold and delivered. In *Fremont, etc., Co.* v. *Fulton*, 103 Ind. 393, 397, the affidavit described the nature of the plaintiff's claim as being for money due on three promissory notes, copies of which are filed with the complaint. It was held that the nature of the claim was sufficiently stated.

In the case before us, the record shows that the complaint and affidavit in attachment were filed at the same time. If there was any doubt as to the sufficiency of the affidavit when considered alone, such doubt is removed when we refer to the complaint, to which reference is made in the affidavit. While we do not find that the question has ever been directly decided in this State, yet there·is good authority in the decisions of other courts of high standing for holding that we may look at the complaint in aid of the affidavit. Thus it was held in Nebraska that where the statement of the plaintiff's claim in the affidavit shows that it is one for which an attachment may issue, but is not so full as might be desired, reference may be had to the petition to ascertain the precise nature of the plaintiff's claim. *Hart* v. *Barnes*, 24 Neb. 782, 40 N. W. 322. See, also, *Edick* v. *Green*, 38 Hun (N. Y.), 202.

We believe this to be the wholesome rule and founded in sound reason. By referring to the complaint, we find facts averred showing that the National Capsule Company, a corporation, purchased a large bill of goods from appellees, Isaacs and Company; that it did not pay for them; that suit was brought on the account and a judgment recovered; that said National Capsule Company consolidated with other companies; that the consolidated company . assumed the name of the United States Capsule Company; that the consolidated company succeeded to the property of the National Capsule Company, consisting of machinery, real estate, etc., to the value of $15,000 and in one paragraph of the complaint it was charged that the National

Capsule Company placed in the possession of appellant a fund with which to pay the claim sued for in case such claim should be valid, etc.   As to how far the consolidated company became liable for the debts of the constituent companies from which it was formed will more properly arise under another branch of the case, and need not now be further discussed.

This court held in *Fairbank* v. *Lorig*, 4 Ind. App. 451, that while the affidavit which is the basis of an attachment proceeding must show the facts required by statute, that where such affidavit is not so defective as to prejudice the substantial rights of the defendant, the writ of attachment will not be quashed.   While the affidavit might have been more specific and have gone more into details as to the nature of the claim, yet we think it is sufficient, and we cannot believe that the substantial rights of appellant were prejudiced by the action of the court in overruling the motion to quash.   We have examined all the authorities cited by appellant, but we do not think they sustain the contention that the affidavit was insufficient.

Appellant's second specification in its assignment of error challenges the action of the court in refusing leave to appear further specially and to file a plea in abatement to the proceedings in attachment.   The record in this case is quite voluminous, and counsel for appellant have failed in their brief to refer us to the page, etc., of the record, showing where we may find the proceedings and order of the court of which they complain.   In this regard, they have not complied with rule twenty-two of this court.  Judge Elliott, in his work on Appellate Procedure, §440, says:   "It is the duty of counsel to acquaint the court with the parts of the record of which an examination is desired.   The court will not hunt through the record to discover the parts of it which counsel assume exhibit the rulings they desire considered."   This is an inexorable rule and has been enforced in very many cases.   *Evans* v. *Koons*, 10 Ind. App. 603; *Brunner*

v. *Brennan*, 49 Ind. 98; *Martin* v. *Martin*, 74 Ind. 207. By this failure appellant has waived its right to have the question considered.

Appellant next discusses the sustaining of appellees' demurrer to its plea in abatement traversing the averments in the affidavit for attachment. In the pleading which appellant's learned counsel are pleased to call a plea in abatement to the affidavit in attachment there are three statements of fact made, as follows: (1) That appellant is a foreign corporation; (2) that it denies being indebted in any wise to appellees on the balance of the judgment described in the affidavit; and (3) that it denies being in any wise indebted to appellees on account of any judgment of any kind or character, or on account of goods sold and delivered. It is also averred that the facts set forth in the affidavit are not true. Upon these averments, the prayer is: "Wherefore the defendant prays that said cause of action abate and that the plaintiff be not further permitted to prosecute said action herein." Without deciding the question of practice as to whether or not a plea in abatement to an affidavit in attachment will lie, we are clearly of the opinion that the facts stated are not sufficient to make the plea good. At best, the facts pleaded amounted to nothing more than a general denial, and did not present a triable issue upon the affidavit in attachment alone. An attachment proceeding is not an independent one, as has often been held, but is merely incident to and in aid of the main action. True an issue should be formed as to the attachment proceedings, and in this case this was done by answer, and the issue thus formed, it must be tried, together with the issues in the principal or main action. *Foster* v. *Dryfus*, 16 Ind. 158; *Excelsior* v. *Lukens*, 38 Ind. 438. In the case last cited, it was held that where the facts in the affidavit are denied by an answer, that it is in bar of the proceedings in attachment and not in abatement of the writ. Further discussion of the question is unnecessary. The court did not err in sustaining the demurrer to the plea in abatement.

Appellant's fourth, fifth, and sixth specifications of its assignment of errors, question the correctness of the overruling of its demurrer to the three paragraphs of complaint. A consideration of these questions necessitates a brief statement of the facts pleaded. In the first paragraph it is averred that the National Capsule Company purchased of the appellees' Isaacs & Company, gelatine; that it refused to pay for the same; that suit was brought on the account; that, during the pendency of the action, the National Capsule Company and other companies agreed to get up a new company, and turn all the assets of the several companies over to it; that, in pursuance of this arrangement, the United States Capsule Company was organized, and that, without any consideration, the assets of the National Capsule Company were turned over to it; that appellant has ever since been in possession of said assets, and is operating a factory in Detroit, Michigan; that the only property not turned over to appellant was 2,314 pounds of gelatine, and that the value of the property so turned over was $15,000; that during all of said time appellant knew of appellees' claim and the pending action; that the National Capsule Company turned over its factory in Indianapolis; that appellant closed it, and has not operated it since; that the National Capsule Company ceased to do business, and its president and manager became president and manager of the appellant corporation; that the National Capsule Company made no provision for the payment of its debts, and has not since such transfer had any assets subject to execution out of which they could be made; that appellees, Isaacs & Company, recovered judgment against the National Capsule Company; levied upon said gelatine, which was sold, and the proceeds applied thereon, leaving a balance due of $1,310.37; that before the action was commenced demand was made upon appellant for payment. The second paragraph is like the first, with the additional averment that when the National Capsule Company turned its property and assets over to appellant, the former placed with the

latter a fund with which to pay appellees' judgment, if such judgment should be recovered. The third paragraph does not set out a judgment, but avers that appellees sold to the National Capsule Company certain goods, etc.; that said company transferred its property and assets to appellant, without consideration, leaving no property subject to execution with which to pay its debts. Appellant claims that these several paragraphs are defective, and that neither of them states a cause of action against it. It is first urged that there is no averment that appellant assumed or agreed to pay the obligations of the National Capsule Company, and that there is no implied assumption to that effect. If it was necessary to aver such assumption, and there is no implied assumption, then neither paragraph is good. The question rests, it seems to us, upon a correct solution of the following inquiry, viz.: "Did the appellant, as a consolidated corporation, under the facts pleaded, become liable for the debts of the constituent companies out of which it was formed, and of which the National Capsule Company was one?" Appellant concedes that where municipal or public corporations are merged by consolidation, thus forming a new one, the old ones going out of existence, the consolidated corporation succeeds to all the property, rights, etc., of the old ones, and becomes answerable for all their liabilities in the absence of any arrangement to the contrary, citing *Indianapolis, etc., R. Co.* v. *Jones*, 29 Ind. 465.

It is contended, however, that this doctrine does not apply to private or manufacturing corporations. Our attention is called in argument to four cases in support of this proposition, viz.: *Treadwell* v. *Salisbury Mfg. Co.* 7 Gray 393; *Sargent* v. *Webster*, 13 Met. 501; *H. & G. M. Co.* v. *H. & W. M. Co.*, 127 N. Y. 252, 27 N. E. 831; *Howe* v. *Boston Carpet Co.*, 16 Gray 493. We have examined all these cases and find that in neither of them the question we have under consideration was presented. Those cases involved the right of private corporations to close up their

business and dispose of their stock, etc., by direction of their directors, and in this respect made a distinction between private and public corporations, holding that in private corporations neither the public nor legislatures have any direct interest in their business or the management of their affairs. These cases, therefore, are not authority here. Counsel say that the rule of law which holds that a consolidated public corporation is liable for the debts of its constituent corporations out of which it is formed is not applicable to private or manufacturing corporations, and that no authority can be found in support of the proposition. Let us see what Mr. Cook on Corporations says: "This new consolidated corporation usually succeeds to the rights and takes the property subject to all the obligations of the old companies." Cook on Corporations, (4th ed.), §897, where many authorities are cited. Mr. Thompson, in his commentaries on the law of corporations, Vol. 7, §8241, says: "The consolidation of two or more corporations is like the uniting of two or more rivers; neither stream is annihilated, but all continue in existence. A new river is formed, but it is a river composed of the old rivers, which still exist, though in a different form. A new corporation is formed, but not in the sense which works a destruction of the rights of action existing against the old one. Independently of statute, the better view is that the new one is liable for any debts, obligations, or rights of action of any kind existing in favor of third persons at the time of the consolidation, and may be sued at law or in equity to enforce such rights and obligations, without any agreement to become so answerable, and without any statute imposing the liability. The consolidated corporation is answerable in a direct action for the * * * contracts of the constituent corporations; may be compelled specifically to perform their contracts * * *. In short, an obligation imposed by charter or statutes upon one of the constituent companies, reads itself into the charter of the consolidated company and becomes a part of its being." The rule as laid down

by the textwriters may be briefly stated as follows: Where a new corporation is formed out of old ones, and the assets of the old ones are turned over to it as a part of its assets, the new or consolidated corporation will be liable for the debts of its constituent corporations to the extent of the property or assets thus acquired, and a creditor may sue the consolidated corporation, reduce his debt to a judgment, and may have execution issue thereon for its collection. See Hirschl on Combination, Consolidation and Succession of Corporations, pp. 296-300. *Hibernia Ins. Co.* v. *St. Louis, etc., Co.,* 13 Fed. 516; *Breen* v. *Merchants Mutual Ins. Co.,* 16 Fed. 140; *Hibernia Ins. Co.* v. *St. Louis, etc., Co.,* 10 Fed. 596; Taylor Private Corporations, §657; *Indianapolis, etc., R. Co.* v. *Jones,* 29 Ind. 465; *Jeffersonville, etc., R. Co.* v. *Hendricks,* 41 Ind. 48. See, also, *Chicago, etc., R. Co.* v. *Bank,* 134 U. S. 276.

Appellant argues that the second paragraph of the complaint is not strengthened by the averment that the National Capsule Company placed in the hands of appellant a fund with which to pay appellees' claim, if it should be successfully established, and that in such paragraph appellees have mistaken their remedy, because such remedy would be by a proceeding supplementary to execution, or by garnishment. From what we have said as to the first paragraph, the second would be good without such averment, for, as we have seen, the two paragraphs are alike except the additional averment in the second to which we have just referred. As to whether the paragraph is good upon the theory that appellees may recover as for money had and received, we need not decide. For the reasons given, we must also hold the third paragraph good.

The next question discussed is the overruling of appellant's motion for a new trial upon the issues formed upon the affidavit in attachment. The reasons assigned for this motion were that the decision was contrary to the law and the evidence, was not sustained by sufficient evidence, and that the

court erred in admitting in evidence the affidavit and the writ of attachment. Much that we have said in passing upon the question arising upon the overruling of the motion to quash the writ is applicable here, and need not be repeated. The finding of the court upon the issues joined in the attachment proceedings is fully supported by the evidence. In discussing the alleged error of the court in admitting in evidence the affidavit and writ of attachment, appellant has failed to call our attention to the page and line of the record where the evidence may be found. In their brief they have not stated the reasons they assigned in support of their objection to the admission of this evidence, and under the rule above stated, we are not required to run through the whole record of evidence, covering about 200 pages, to find if proper objections were made, and exceptions reserved, and thus determine the question we are asked to consider. For the same reason, we can not consider the question of alleged errors assigned in the motion for a new trial upon the merits, arising upon the the admission of certain evidence referred to. Upon the general proposition that the finding of the court is not sustained by sufficient evidence, we have examined the evidence as a whole, and have reached the conclusion that it is amply sufficient to support the finding and judgment. The only evidence in the record is that introduced by the appellees. Every material averment of the complaint is supported by the evidence, except the one that charges that the transfer of the property, etc., of the National Capsule Company to appellant was without consideration. The evidence shows that the latter received from the former, under the agreement of consolidation, property, etc., appraised and valued at $51,000, and that appellant issued to the National Capsule Company its capital stock in the sum of $20,000. It appears from this that appellant received from the National Capsule Company property, etc. of the value of $31,000 in excess of the amount paid. From our view of the law, as herein expressed, and which we think

is fully sustained by the authorities, the averment that the transfer of the property of the National Capsule Company to appellant was without consideration was not a necessary averment, and a failure to prove it as alleged was not fatal to appellees' right to recover.

Appellees, with their complaint, submitted interrogatories to appellant to be answered under oath. These interrogatories and answers were introduced in evidence, and from the answers it appears that the National Capsule Company paid to appellant $3,500 to be paid to appellees, Isaacs & Company, and Groedel, in case they recovered judgment. It is also shown by an answer that Isaacs did recover a judgment for about $3,000, which has been paid, and that a balance of $429.50 of the $3,500 still remained in the hands of appellant. If this were all the evidence on this point, it would seem that the claim of Isaacs & Company had been fully paid, but it is shown by the record that the original judgment in favor of Isaacs & Co., was only for $1,646.53, and it also appears that the $3,000 shown to have been paid by appellant, by its answers to interrogatories, was paid on a judgment against one Robert McCutchen, who became indorser for the National Capsule Company. McCutchen was the president of such company, and upon the consolidation became president of appellant. The amount so paid was paid some three or four months before this action was tried. Mr. Stevens, general manager of appellant, testified that at the time of the trial, appellant had in its hands $3,500 or $3,600 belonging to the National Capsule Company, "awaiting the results of Isaacs and Groedel." He said: "It is a fund that we have reserved to meet these two cases." It was further shown by the evidence of Stevens that that money was in Detroit in the hands of appellant, and that the money could be had at any time it was wanted. From these facts, it is clear that the money paid on the McCutchen judgment in New York had no connection with or relation to the special fund set aside for the payment of the claims of

Isaacs and Groedel. Appellant further complains that it is not shown that all the remaining assets of the National Capsule Company have been exhausted. We think otherwise. The evidence shows that all the property of the National Capsule Company subject to execution had been exhausted. The same questions are presented in the motion for a new trial upon the issues joined in the action of Groedel against appellant, and by agreement of the parties the evidence in behalf of Isaacs & Company is to be considered in so far as it is applicable to the issues joined upon the complaint of Groedel. As the same questions are presented in the two cases, further discussion is unnecessary.

From the entire record, we conclude that a correct result was reached by the trial court, and that there was no error to work a reversal. Judgment affirmed.