CALLIHAN *v.* BANDER ET AL.

[No. 17,606.   Filed June 6, 1947.]

468

*James H. Meyer*, of Evansville, for appellant.

*Morton C. Embree* and *Gerald E. Hall*, both of Princeton, for appellees.

ROYSE, J.—The sole question presented here is the action of the trial court in sustaining the demurrer to appellant's third amended complaint. The questioned complaint takes up 16 printed pages of appellant's brief. We deem it necessary to set out only the substance of its allegations.

It is averred appellant entered into an oral contract with appellee Joe Bander, by which appellant was to receive $\frac{1}{8}$ share in certain oil and gas leasehold estates which he might procure after said $\frac{1}{8}$ share had paid its proportionate cost of development. It is further alleged that as a result of appellant's efforts, said appellee acquired an interest in certain described oil and gas leases; that said appellee took title to said oil and gas leases for himself and as trustee for appellant's $\frac{1}{8}$ interest. It is then alleged appellees Bander, without the knowledge or consent of appellant, conveyed by written assignment to appellant a $\frac{1}{32}$ interest' in a described lease; that without appellant's knowledge or

consent this assignment was recorded in the office of the Recorder of Gibson County. It is further alleged appellant made demand on appellee for an assignment of his interest in said leases and an accounting showing the cost of development. Prayer was that a trust be declared in said leases in favor of appellant to the extent of his interest and that a Commissioner be appointed to convey such interest to appellant.

Appellant first contends the oil and gas leaseholds which are the subject of this action did not create such an interest in real estate as to be within the statute of frauds. § 33-101, 4th Subd., Burns' 1933. In support of this proposition he relies on the cases of *Heal* v. *The Niagara Oil Company* (1898), 150 Ind. 483, 50 N. E. 482; *Kokomo Nat. Gas etc., Co.* v. *Matlock* (1912), 177 Ind. 225, 97 N. E. 787. Appellee says such a leasehold is such an interest in land as to bring it within the statute and relies principally on the cases of *Heller* v. *Dailey* (1902), 28 Ind. App. 555, 63 N. E. 490; *Ramage* v. *Wilson* (1906), 37 Ind. App. 532, 77 N. E. 368.

The question decided by the Supreme Court in the cases of *Heal* v. *The Niagara Oil Company, supra,* and *Kokomo Nat. Gas etc., Co.* v. *Matlock, supra,* is entirely different from the question presented by this appeal. They did not involve the question of a parol agreement. In both cases the Supreme Court held that the provision in § 5116, R. S. 1881, that a wife did not have the power to convey or encumber her separate lands except by deed in which her husband joined, did not apply to gas and oil leases. These cases merely hold that under that provision of the statute a written lease giving the right to explore for oil and gas on the separate property of the wife was valid when signed by the wife alone. As pointed out in the case of *Spiro* v. *Robertson* (1914), 57 Ind. App. 229 at page 236, 106 N. E. 726, the above

decisions are based on the proposition that the statute giving a married woman the control and profits of her real estate would be nullified if she could not lease her real estate without the concurrence of her husband.

In the case of *Heller* v. *Dailey, supra,* this court, in a well-reasoned opinion, held that oil and gas leases created an exclusive and assignable interest in land; that they were in the nature of an incorporeal hereditament (a kind of metaphysical creature of the law) and as such could pass only by written instrument. This case was approved in *Robyn* v. *Pickard* (1906), 37 Ind. App. 161, 165, 76 N. E. 642; *Ramage* v. *Wilson, supra.* See also, *Campbell* v. *Smith* (1913), 180 Ind. 159, 177, 101 N. E. 89; *Monon Coal Co.* v. *Riggs* (1944), 115 Ind. App. 236, 56 N. E. (2d) 672, 57 N. E. (2d) 598. Upon the authority of these cases we hold the leaseholds referred to herein are within the inhibition of the statute of frauds.

Appellant next contends even though the leases herein be within the statute of frauds, the allegations of rhetorical paragraph 10 of the third amended complaint aver such facts as to part performance as to remove it from said statute. This paragraph is as follows:

"That subsequent to the acquisition of said interests in said oil and gas leasehold estates, as hereinbefore alleged, the defendant, Joe Bander, entered upon said oil and gas leasehold estates and took possession of the same, for and on his own behalf, individually, and as trustee for the plaintiff, to the extent of plaintiff's one-eighth (⅛) interest therein; all of which was done by said defendant for the purpose of developing said oil and gas leasehold estates for the production of oil and gas."

In the case of *Riley* v. *Hawroth* (1903), 30 Ind. App. 377, 382, 64 N. E. 928, in speaking on this question, this court said:

"It is said that the important acts which consti-· tute part performance are actual, open possession of the land, or permanent and valuable improvements made on the land, or these two combined. Pomeroy, Eq. Jurisp. (2d ed.), § 1409, Note. But in order that possession may remove the case from the effects of the statute there must be an open and absolute possession taken under the contract, and with a view to its performance. *The possession must be yielded by one party, and accepted by the other, as done in performance of the contract*". (Our emphasis).

See also, *King* v. *Hartley* (1919), 71 Ind. App. 1, 123 N. E. 728; *Donnelly* v. *Fletemeyer* (1932), 94 Ind. App. 337, 176 N. E. 868.

The complaint herein does not allege that appellee yielded up possession to appellant. It asserts appellee took possession for himself individually. The added phrase "and as trustee for plaintiff (appellant), etc.", does not, in our opinion, sustain appellant's position. If the averments of the complaint may be construed to allege a trust, it is a parol express trust concerning lands which is unenforceable under our statute, § 56-601, Burns' 1943 Replacement. Nor do the facts alleged show actual or constructive fraud. The most that can be said for the complaint herein is that it alleges a failure to carry out the provisions of the contract sued upon. This is not fraud. *Westphal* v. *Heckman* (1916), 185 Ind. 88, 113 N. E. 299; *Vance* v. *Grow* (1934), 206 Ind. 614, 623, 190 N. E. 747.

The case of *Koehler* v. *Koehler* (1921), 75 Ind. App. 510, 121 N. E. 450, relied upon by appellant, is clearly distinguishable from the facts herein. In that case this court, at page 526, pointed out the original trust was in personal property.

Finally, appellant contends the averment that appellee voluntarily conveyed a $\frac{1}{32}$ interest in one of the

tracts constitutes a waiver by appellee of the benefit of the statute of frauds. This averment is clearly distinguishable from the facts in the case of *Humphrey* v. *Fair* (1881), 79 Ind. 410, relied on by appellant. In that case the Supreme Court held appellant, by selling the land voluntarily, complied with the part of the contract within the statute. In this case the averment here considered tends to show an entirely different contract than the one sued upon in appellant's complaint.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 73 N. E. (2d) 360.