## HEETER v. HARDY

[No. 17,689. Filed January 9, 1948. Rehearing denied February 11, 1948. Transfer denied April 16, 1948.]

*Robert L. Smith* and *Keith Frazer,* both of Portland, attorneys for the appellant.

*Roscoe D. Wheat,* of Portland, attorney for appellee.

ROYSE, J.—Appellee brought this action against appellant to quiet his title to certain real estate in Jay County. The complaint was in one paragraph. Appellant filed an answer in one paragraph under the rules and a cross-complaint in two paragraphs asserting appellant owned an oil and gas lease on said property and that appellee prohibited appellant from entering upon said leasehold, and sought to have his title to said leasehold quieted. Appellee answered under the rules the cross-complaint and further alleged the lease referred to in appellant's cross-complaint had expired. Trial to the court without the intervention of a jury. Upon proper request the trial court made special findings of fact and stated its conclusions of law thereon.

We set out herewith a summary of the facts found by the court which are necessary to a determination of the questions here presented.

Finding No. 1 found that appellee was, on the 21st day of December, 1944, the owner of the real estate involved in this action.

Finding No. 2: That on the 9th day of October, 1920, Ernest McMichael and Mary McMichael executed a lease for oil and gas which covered the real estate referred to in Finding No. 1. The lease is made a part of this finding. The portion necessary for a determination of the question presented is as follows:

> "IN CONSIDERATION of the sum of One ($1.00) Dollar the receipt of which is hereby acknowledged, Ernest McMichaels and Mary McMichaels of the first parties hereby grant and guarantee unto W. E. Rice second party, all the oil and gas

in and under the following described premises together with the right to enter thereon at all times for the purpose of drilling and operating for oil and gas and to erect and maintain all buildings and structures and lay all pipes necessary for the production and transportation of oil or gas. The first part—shall have the one-eighth (1-8) part of oil produced and saved from said premises, to be delivered in the pipe line which second party may connect wells, namely; All that certain lot of land situated in the Township of Bear Creek County of Jay in the State of Indiana described as follows, to-wit: (Description)

"To have and to hold the above described premises on the following conditions; for and during the term of five years from date hereof and as long after said term of years as oil or gas can be found on said real estate in paying quantities or the rental is paid thereon as hereinafter herein provided."

Findings Nos. 3, 4, 5 and 6 show assignments of this lease until the lease was assigned to appellant in February, 1926.

Finding No. 7: That at the time of the assignment to appellant Ernest McMichael, the lessor referred to in Finding No. 2, was in possession of the real estate here involved.

Finding No. 8 is as follows:

"On April 24, 1937, Roscoe D. Wheat, as commissioner in Cause No. 23444 in the Jay Circuit Court, entitled Everett McMichael et al. vs. Ruby Denney et al., conveyed by Commissioner's Deed, to the plaintiff, Fred S. Hardy, for a consideration of $2,966.70, the real estate described in plaintiff's complaint and described as follows, to-wit: (H. I.)"

Finding No. 9: "Three oil wells were drilled into the Trenton Rock on the real estate which was the subject of the oil and gas lease set forth in Finding No. 2 hereof, about 1921."

Finding No. 10: "On December 21, 1944, the plaintiff, Fred S. Hardy, filed with the recorder of Jay County, Indiana, his affidavit that the lease set forth in finding No. 2 hereof, had not been operated for more than one year and that no oil or gas had been produced from said leases for more than one year, which affidavit was recorded on the 21st day of December, 1944, in Affidavit Record 36 at page 509 in the Office of the Recorder of Jay County, Indiana, and is in the words and figures as follows, to-wit: (H. I.)"

Finding No. 11: "Upon the filing of the Affidavit set forth in finding No. 10 hereof, the Recorder of Jay County, Indiana, entered upon the record of the oil and gas lease set forth in finding No. 2 hereof, a release of said oil and gas lease, which release was in words and figures as follows, to-wit:

"No. 20607 by authority vested in me by the 1923 Legislature (Burns' R. S. 1936, § 9571) I hereby release this lease the 21 day of December, 1944.

Attest: Gera D. Emrick, Recorder."

Finding No. 12: "On the __ day of _____, 1945, the defendant and cross-plaintiff, William J. Heeter filed in the office of the Recorder of Jay County, Indiana, his affidavit that the affidavit of the plaintiff, Fred S. Hardy, set forth in finding No. 10 hereof, was false and fraudulent and that said oil wells and lease had been operated within one year, which affidavit was recorded in Miscellaneous Record __ at page __, in the office of Recorder of Jay County, Indiana, and is in words and figures as follows, to-wit: (H. I.)."

Finding No. 13: "Upon the filing of the affidavit by said William J. Heeter, set forth in finding No. 12 the Recorder of Jay County endorsed upon the record, a cancellation of the release set forth in finding No. 11, hereof, in Volume __ at page __ of the records in the office of the Recorder of Jay County, Indiana, which cancellation is in the words and figures as follows, to-wit:

"By authority vested in me by the Acts of the Indiana General Assembly of 1923—Chapter 134—Sec. 1—Page 378, Burns' Indiana Statutes Annotated, 1933—Section 3-1633-9571—I certify that the

above cancellation of gas and oil lease recorded above is null and void this 4th day of August, 1945.

Gera D. Emrick, Recorder."

Finding No. 14: "That oil was found and produced from the wells of the real estate described in finding No. 1 hereof, as follows:

For the year 1937—154      barrels
               1938—141.24    "
               1939—132       "
               1940—74        "
               1941—108.32    "
               1942—80        "
               1943—24        "

Finding No. 16: "That the lease set out in finding No. 2 hereof is a cloud on the title of the plaintiff's real estate. That the said defendant asserted no interest in and to said leasehold for more than two (2) years."

Upon these findings of fact the trial court stated its conclusions of law as follows:

"1. The law is with the plaintiff.

"2. The plaintiff is entitled to have his title quieted in and to the following described real estate in Jay County, Indiana, to-wit: (H. I.)

"3. That the defendant take nothing by his cross-complaint.

"4. That the plaintiff recover his costs."

Judgment in accordance with these conclusions.

By this appeal appellant questions the sufficiency of the special findings of fact to sustain the conclusions of law and the sufficiency of the evidence to sustain the findings of fact.

Appellant first contends there was a total lack of evidence to support appellee's claim to the ownership of the real estate here involved. In support of this contention he asserts, first, it was incumbent on appellee to

recover on the strength of his own title and not on the weakness of appellant's title; second, that it was essential for appellee to trace his title to the United States or to some remote grantor in possession; third, that appellee failed to support his claim of ownership by introducing in evidence nothing more than the deed from the Commissioner in Cause No. 23444, because he had the burden of showing all necessary steps were taken to make a valid sale to transfer title to the land.

The burden of proof was on appellee to sustain the allegations of his complaint. The only finding ▮ or evidence showing any title to this real estate, in appellee is contained in the following deed:

"Roscoe D. Wheat, Commissioner cause No. 23444 Everett McMichaels, Anna Defenbaugh vs. Ruby Denney, Pearl Lykins, Paul Reeder, Pauline Reeder, Jonathan Reeder, Everett McMichaels, Administrator with the will annexed of the estate of Ernest McMichaels, deceased, The Connecticut Mutual Life Insurance Company, as such Commissioner by order of Jay Circuit Court, convey to Fred S. Hardy, for the sum of $2,966.70, the following real estate, Jay County, Indiana . . . ."

Appellee failed to make any proof of the proceedings in the Jay Circuit Court whereby the Commissioner was authorized to make the sale. He did not show a valid judgment or an order of sale. The trial court, because of the recitals in the deed that such deed was made by order of the same court, could not take judicial knowledge of the proceedings in that action. The deed was insufficient to show a fee simple title in appellee. *Armstrong* v. *Jackson* (1822), 1 Blkf. 209; *Huddleston* v. *Ingels* (1874), 47 Ind. 498; *LaPlante* v. *Lee* (1882), 83 Ind. 155; *Burt et al.* v. *Hasselman* (1894), 139 Ind. 196, 38 N. E. 598; *The Indianapolis, Decatur and Western Railway Co.* v. *Center Township* (1895), 143 Ind. 63, 40

N. E. 134; *Krotz* v. *A. R. Beck Lumber Company* (1905), 34 Ind. App. 577, 73 N. E. 273; *Richcreek* v. *Russell* (1904), 34 Ind. App. 217, 72 N. E. 617; *MacBeth* v. *Stunkard* (1929), 88 Ind. App. 487, 164 N. E. 711; *Vandalia Railroad Company* v. *Topping* (1916), 62 Ind. App. 657, 668, 113 N. E. 421. Therefore, the trial court erred in its conclusions of law Nos. 1 and 2.

We next consider the third conclusion of law. The burden of proof was on the appellant to sustain the material allegations of his cross-complaint. The findings of fact and the evidence clearly indicate the appellant did not operate the oil wells on this property for a period of at least two years prior to June, 1945. There is undisputed evidence that in August, 1945, appellant tendered appellee royalties due under the lease and appellee refused to accept such tender. Oil and gas leases create an interest in real estate known to the law as an incorporeal hereditament. *Callihan* v. *Bander* (1947), 117 Ind. App. 467, 73 N. E. 2d 360. Our courts have uniformly held that because of the very nature of oil and gas and its migratory habits these contracts are in a class of their own. The substantial consideration which moves a grantor in such contracts is the hope of profits or royalties if oil and gas are discovered. The obligation to explore and develop is such an essential part of the contract, even though implied, that it is treated as a condition which, if not performed in a reasonable time, entitles the grantor or lessor to claim a forfeiture and abandonment of the contract. *The Island Coal Company* v. *Combs* (1899), 152 Ind. 379, 53 N. E. 452; *Consumers Gas Trust Company* v. *Littler* (1904), 162 Ind. 320, 70 N. E. 363; *New American Oil & Mining Company* v. *Troyer* (1906), 166 Ind. 402, 76 N. E. 253, 77 N. E. 739; *Bollenbacher* v. *Miller* (1932), 94 Ind. App. 409, 179 N. E.

556. Our Legislature has recognized these principles. § 3-1633, Burns' 1946 Replacement, provides as follows:

"All leases for oil and gas heretofore and (or) hereafter entered of record in this state *shall become null and void after a period of one (1) year has elapsed since the last payment of rentals thereon as stipulated for in such lease or contract, or since operation for oil or gas has ceased, both by the non-production of oil or gas and the non-development of said lease,* and, upon the written request of the owner of such lands, accompanied with the affidavit of such owner, stating that no rentals have been paid to or received by such owner or any person, bank or corporation in his behalf for a period of one (1) year after they have become due, and that such leases and contracts have not been operated for the production of oil or gas for one (1) year, the recorder of the county in which such real estate is situated shall certify upon the face of such record that such leases and contracts are invalid and void by reason of nonpayment of rentals and is (are) thereby canceled of record, which request and affidavit shall be recorded in the miscellaneous records of said recorder's office. If, at any time subsequent to the cancelation of said lease and contract and within the term provided for in said lease or contract, the lessee shall submit to the recorder a receipt or a canceled check, or an affidavit, showing that such rental has been paid, or an affidavit that said lease has been operated within a period of one (1) year prior to such cancelation, as stipulated in said lease or contract, and that the affidavit of the lessor as hereinabove provided is false or fraudulent, such cancelation shall, by reason of that fact be void, and the recorder shall so certify at the place where the cancelation of such lease and contract has been entered, provided that the owner of any lease canceled by any county recorder, as herein provided, may take an appeal from the order and record of cancelation of the county recorder to the circuit court of the county in which the land is located, within six (6) months from the

date of such cancelation of any such lease." (Our emphasis.)

Pursuant to this statute appellee and appellant, as shown by the special findings of fact, filed affidavits with the recorder of Jay County. Under the statute appellee could have appealed to the circuit court from the action of the recorder in canceling the release of the lease herein. He did not do this and therefore the lease was of record and a cloud on his title at the time this action was commenced. By his cross-complaint appellant sought to have his title quieted to the interest he had in this land by reason of this oil and gas lease. The court found the wells on said lease had not been pumped for more than two years and that appellant had asserted no interest in said land for more than two years. The evidence was ample to sustain these findings. Appellant, by tendering to appellee royalties due under the terms of the contract thereby recognized appellee had succeeded to the rights and interest of the original grantor. He could only recover under his cross-complaint on the strength of his title under the lease. The lease having been abandoned was null and void. Therefore, appellant was not entitled to have his title quieted to any interest he acquired by the lease against whatever interest appellee had in this real estate. The trial court did not err in its third conclusion of law.

In view of the conclusion we have reached, we do not deem it necessary to discuss other points raised by appellant.

The cause is remanded to the Jay Circuit Court with instructions to restate its conclusions of law Nos. 1 and 2 in accord with the views herein expressed, and to enter judgment accordingly.

## ON PETITION FOR REHEARING

ROYSE, J.—Appellant, in his petition for rehearing, asserts we erred in our opinion by not referring to the questions presented by the seventh and eighth specifications of his motion for a new trial. These specifications complained of the action of the trial court in admitting in evidence the affidavit of appellee and the record from the office of the Recorder referred to in special findings Nos. 10 and 11, which were set out in substance in our original opinion. We did not decide the question presented by these specifications for the reason that even if it be conceded the trial court erred in admitting this evidence (which we do not decide), it was a harmless error because there was ample evidence to sustain the trial court's findings that there had been no operation under the least for a period of two years. This was sufficient to sustain the third conclusion of law.

The petition for a rehearing is denied.

NOTE.—Reported in 76 N. E. 2d 590.