HALBERT *v.* HENDRIX ET AL.

[No. 18,067. Filed November 29, 1950. Rehearing denied January 13, 1951. Transfer denied March 20, 1951.]

44

*William C. Welborn* and *Milford M. Miller,* both of Evansville, for appellant.

*William L. Mitchell,* of Evansville; *DeRoo Weber,* and *Clements & McClellan,* both of Mount Vernon, for appellees.

WILTROUT, C. J.—Appellee Hendrix filed his complaint against the appellant and the appellee Clay, as well as others as to whom the action was dismissed.

The complaint alleges that Hendrix entered into an agreement with appellant whereby Hendrix was to move a drilling rig from a location in Illinois to a location in Kentucky and for a consideration of $7,500.00 to drill a well to the depth of 1700 feet; that said well was so drilled in accordance with the contract; and that there remains due on said contract the sum of $4,700.00 which appellant refuses and neglects to pay.

Thereafter appellee Hendrix filed his affidavit for attachment which states, among other things, that the appellant is a non-resident of this state. An attachment bond was filed and approved and an order of attachment issued. The sheriff made a return of the writ, together with an inventory and appraisement. The return recites that the sheriff, with the assistance and in the presence of a disinterested and credible householder, proceeded to attach the lands and tenements, goods and chattels of appellant subject to execution, and attached property of appellant, the same being a portion of an overriding royalty reserved by appellant when he made an assignment or transfer to one John Clay of an oil and gas lease from one Elmer Elliott as lessor to appellant as lessee, and referring to the book and page of the county lease records.

Appellant appeared generally and filed his unverified motion to dissolve the attachment. This motion was overruled by the court, and that ruling is assigned as error. We are asked to determine that said proceedings are defective upon the face thereof.

Appellant first contends that the affidavit for attachment is defective in that it does not show that there is property of appellant within the jurisdiction of the court which is subject to execution. This same contention was made, and was answered adversely to appellant in *U. S. Capsule Co.* v. *Isaacs*

(1899), 23 Ind. App. 533, 55 N. E. 832. Upon the authority of that case we hold that the affidavit here involved is not defective by reason of its failure to contain such a showing.

The second argument advanced by appellant for dissolving the attachment is that the overriding royalty attached by the sheriff is not a property interest which is subject to attachment. In determining the problem thus presented it may be well to examine the nature of oil and gas rights.

It is now established in this state that the owner of lands does not have an absolute title to the oil and gas in place as corporeal real property, but rather has the "exclusive right" to explore for oil and gas and reduce it to possession and to a consequent absolute ownership. Such an estate is not a corporeal interest, but is in the nature of an incorporeal hereditament. *Monon Coal Co.* v. *Riggs* (1944), 115 Ind. App. 236, 56 N. E. 2d 672, 57 N. E. 2d 598; *Campbell* v. *Smith* (1913), 180 Ind. 159, 101 N. E. 89; *Fairbanks* v. *Warrum* (1914), 56 Ind. App. 337, 104 N. E. 983, 104 N. E. 1141; *Rupel* v. *Ohio Oil Co.* (1911), 176 Ind. 4, 95 N. E. 225.

In *Callihan* v. *Bander* (1947), 117 Ind. App. 467, 470, 73 N. E. 2d 360, this court held that the oil and gas leaseholds there involved created an interest in real estate within the meaning of the statute of frauds. That case cites with approval the case of *Heller* v. *Dailey* (1902), 28 Ind. App. 555, 63 N. E. 490, and says:

> "In the case of *Heller* v. *Dailey, supra,* this court, in a well-reasoned opinion, held that oil and gas leases created an exclusive and assignable interest in land; that they were in the nature of an incorporeal hereditament (a kind of metaphysical creature of the law) and as such could pass only by written instrument."

Again, in *Heeter* v. *Hardy* (1948), 118 Ind. App. 256, 76 N. E. 2d 590 (Transfer denied), it is stated:

"Oil and gas leases create an interest in real estate known to the law as an incorporeal hereditament."

And we regard this as the present law on this subject.

There remains to be considered the nature of an overriding royalty. "The term 'overriding royalty' is applied generally in the industry to such fractional interests in the production of oil and gas as are created from the lessee's estate. This is true whether the overriding royalty is created by reservation when the original lessee transfers his interest by a sublease or whether it is created by grant when the original lessee conveys a fractional share to a third person . . ." *La Laguna Ranch Co.* v. *Dodge* (1941), 18 Cal. 2d 132, 114 P. 2d 351, 135 A. L. R. 546.

As in the case of leases generally, there is a clear distinction between the assignment of an oil lease and a sublease. An assignment merely transfers an existing estate into new hands, but a sublease creates a new estate. An assignment signifies parting with the whole unexpired term and all interest therein. Thus, a transfer of the leasehold is to be regarded as an assignment if the transferor retains no right of any kind therein, but will be deemed a sublease if he reserves a rental or an overriding royalty. 24 Am. Jur., Gas and Oil, § 84, p. 591; Glassmire, *Oil and Gas Leases and Royalties,* § 86, p. 318 (2d ed.)

We also conclude that where a lessee subleases his interest and reserves an overriding royalty, his interest does not lose its character as an incorporeal hereditament. *La Laguna Ranch Co.* v. *Dodge, supra; Emerson* v. *Little Six Oil Co.* (1925; C.C.A. 5th) 3 F. 2d 265, writ of certiorari denied in

(1925), 268 U. S. 700, 69 L. Ed. 1164, 45 S. Ct. 636; *Roberts* v. *Tice* (1939), 198 Ark. 397, 129 S. W. 2d 258; Anno. 131 A. L. R. 1371.

Acts 1881 (Spec. Sess.), ch. 38, § 600, p. 240; Burns' 1946 Replacement, § 2-3613 provides: "The following real estate shall be liable to all judgments and attachments, and to be sold on execution against the debtor owning the same, or for whose use the same is holden, viz:

"First. All lands of the judgment debtor, whether in possession, remainder or reversion."

In the rules presented by the Act for its construction, § 857, Burns' 1946 Replacement, § 2-4701, it is provided that such rules shall be observed, when consistent with the context and that, "The word 'land,' and the phrases 'real estate' and 'real property' include lands, tenements and hereditaments." We therefore hold that the return did not show upon its face that the property levied on was such a property interest as may not be attached, and that the court did not err in overruling appellant's motion.

Appellant filed an answer to the complaint and the cause was submitted to the court for trial. The court adjudged that appellee Hendrix recover of the appellant the sum of $4,700.00, together with costs, and that the record interest of appellant in the property attached, or so much thereof as may be necessary for that purpose, be sold by the sheriff.

Appellant's motion for new trial is based on the causes that the decision of the court is not sustained by sufficient evidence and is contrary to law. The latter cause is not supported in appellant's brief by the citation of any authority, and hence we consider only the former. Rule 2-17.

Appellant says that neither the attachment proceedings nor any part thereof, nor any evidence in support of the same, was offered in evidence; that there was no evidence showing ownership of the attached property in appellant or that such property exists, and therefore the evidence does not sustain the court's decision.

We find that there was evidence to support the statutory ground for attachment that the appellant is a nonresident of Indiana. Appellee Hendrix also testified that an overriding royalty of appellant was attached. It is also well settled that the court will take judicial notice of its records in the same case. *Graves* v. *Kelly* (1916), 62 Ind. App. 164, 112 N. E. 899. It may take judicial notice of a sheriff's return. *Mitchell* v. *Godsey, Administratrix* (1944), 222 Ind. 527, 53 N. E. 2d 150.

"The return to a writ of attachment is competent evidence to prove the fact and manner of the levy and the nature of the property taken thereunder, and is at least *prima facie* evidence of the facts recited therein, . . ." 7 C. J. S., Attachment, § 252, p. 428; *Foster* v. *Dryfus* (1861), 16 Ind. 158; *Sprow* v. *Wicker* (1928), 87 Ind. App. 253, 157 N. E. 460. The decision of the court was sustained by sufficient evidence.

We find no error, and the judgment is affirmed.

NOTE.—Reported in 95 N. E. 2d 221.