## HARDY *v.* HEETER

[No. 18,102.  Filed February 15, 1951.]

*Roscoe D. Wheat* and *James W. Grimes,* both of Portland, for appellant.

*Keith Fraser, Robert L. Smith* and *John A. Resler,* all of Portland; and *John M. Heeter* (of counsel), of Indianapolis, for appellee. .

CRUMPACKER, J.—A proper understanding of the questions involved in this appeal requires a brief account of the background in which the present litigation has its origin. On April 24, 1937, Frederick S. Hardy, the appellant herein, was the owner, through a commissioner's deed, of 30 acres of land in Jay County, Indiana. In 1920, the then owner of said land leased it to one W. E. Rice for gas and oil exploration and development and the following year three producing wells were drilled thereon. In 1926, through a series of mesne assignments, said gas and oil lease, together with the machinery, casings, tubing, lead pipes, storage tanks and other equipment constituting said oil wells, became the property of William J. Heeter. Heeter continued in the undisputed possession of said lease until December 21, 1944, when the appellant, acting in accordance with the provisions of Burns' 1946 Replacement, § 3-1633, filed an affidavit with the recorder of Jay County to the effect that said lease had not been operated nor any oil or gas produced thereunder for more than one year. Said recorder, as empowered to do by the provisions of the statute above cited, thereupon cancelled said lease of record but later reinstated the same upon receipt of Heeter's affidavit that the appellant had procured the cancellation thereof through fraud and false representations. Shortly thereafter the appellant brought suit in the Jay Circuit Court against Heeter to quiet title to said lands against the Heeter lease and Heeter filed a cross-complaint whereby he sought to establish the validity of said lease against all claims of the appellant. The court found for the appellant on his complaint and further found that the wells

on said land had not been pumped for more than two years and that Heeter had not asserted any interest in said lease during such time. Judgment was entered for the appellant on his complaint and against Heeter on his cross-complaint. Heeter appealed to this court and we reversed the judgment for Hardy on his complaint but affirmed it as to the cross-complaint on the grounds that the evidence clearly indicated that Heeter had abandoned his lease and that the same was therefore null and void. *Heeter* v. *Hardy* (1948), 118 Ind. App. 256, 265, 76 N. E. 2d 590. This decision was filed January 9, 1948, and on February 26, 1948, Heeter died.

The administrator of his estate inventoried and appraised the equipment constituting the three oil wells on the appellant's land as assets of said estate and on June 19, 1948, they sold the same, by order of court, to Elizabeth Heeter, the widow of William J. Heeter and the appellee herein. She thereupon, on July 5, 1948, made demand on the appellant for the surrender of such equipment described as follows: "One 25 barrel steel tank; 3040 feet 2 inch tubing; 3040 feet sucker rods; three stuffing boxes; three working barrels; 660 feet $6\frac{1}{4}$ inch casing; 310 feet 8 inch drive pipe; one 20 horse-power Superior Gas Engine; 70 feet 10 inch belt; 2400 feet 2 inch gas line; 1400 feet 2 inch lead line; 2450 feet pull rods; three iron pump jacks; together with fittings, connections, and such other equipment as is used for the operation of an oil and gas well." Such demand was refused and the present litigation followed. It was commenced in the Jay Circuit Court by the appellee through a complaint against the appellant in two paragraphs, the first of which is for the replevin of the property above described, and the second for damages resulting from the alleged wrongful conversion thereof. In addition to answers under Rule 1-3 the appellant filed a special answer in

which he alleges that the appellee's right, title and interest in the property described was adjudicated against her in the case of *Heeter* v. *Hardy, supra,* and she is now estopped from again asserting any claim thereto. The court found for the appellee on the conversion paragraph of her complaint, assessed her damages in the sum of $650 and entered judgment accordingly.

The first question for our determination is whether or not the decision of this court in *Heeter* v. *Hardy, supra,* adjudicates the issues in this case adversely to the appellee. Although she was not a party to that suit she is in privity with the appellant therein and is bound by such decision, whatever its effect may be. The appellant contends that our holding in that case to the effect that Heeter had abandoned his lease and that the same is null and void constitutes a holding that he had also abandoned the property here in suit. The issues in *Heeter* v. *Hardy, supra,* both on the complaint and on the cross-complaint, concerned only the interests of the parties in the real estate therein described. *Callihan* v. *Bander* (1947), 117 Ind. App. 467, 73 N. E. 2d 360; *Heller* v. *Dailey* (1902), 28 Ind. App. 555, 63 N. E. 490. It is apparent, therefore, that there can be no merit in the appellant's contention unless the property here involved is a part of the real estate in which the interests of the parties was litigated in that suit.

In *Perry* v. *Acme Oil Co.* (1909), 44 Ind. App. 207, 88 N. E. 859, this court said: "Machinery and fixtures, placed on real estate leased for the purpose of drilling for gas and oil, do not become permanent fixtures, nor parts of the freehold, by reason of such annexation as is necessary to develop the premises according to the terms of the lease, and title to such machinery and fixtures does not vest in the lessor because of a forfeiture of the lease." See also *Smith* v.

*Mesel* (1949), 119 Ind. App. 323, 84 N. E. 2d 477; *Michaels* v. *Pontius* (1925), 83 Ind. App. 66, 137 N. E. 579. Such being the law we conclude that the property here in question was in no way involved in *Heeter* v. *Hardy, supra,* and the decision therein cannot be construed as holding that such property was abandoned by its owner.

It is true that the machinery, equipment, etc., here in litigation, was placed on the appellant's property under the terms of a lease which we held to be null and void in *Heeter* v. *Hardy, supra.* When construed in the light of the facts upon which it is based such decision merely means that Heeter's right to use the appellant's land for the purpose of the discovery and production of gas and oil was terminated by his abandonment thereof and it leaves him with the same right to remove his machinery, equipment, etc., as would have been his had said lease been terminated by any method contemplated by the terms thereof.

As a general rule a lessee, desiring to remove his equipment, must act within a reasonable time after the termination of the lease even though it purports to authorize him to do so at "any time." What constitutes a reasonable time depends, of course, upon the circumstances. 24 Am. Jur., Gas and Oil, § 68, p. 578. Whether or not the appellee and her privies failed to act for such a length of time as could be considered an abandonment of her property is a question with which we are not confronted as the appellant makes no point of it in his brief.

The appellant next contends that the evidence is insufficient to sustain a decision on the theory of conversion and, if the appellee is entitled to recover at all, the finding and judgment of the court should have been on the first paragraph of

her complaint, which sounds in replevin. The evidence discloses that the oil wells on the appellant's land are intact and the machinery, equipment, etc., are substantially as William J. Heeter left them when he ceased operations. The appellant has never attempted to operate the wells or use them for his own benefit in any respect. Under these circumstances the appellant insists that an action for conversion will not lie. This argument seems to be based on the understanding that conversion implies a consumption or destruction of the property involved through the tort feasor's use or, at least, the literal appropriation thereof for his own benefit. This concept of the law of conversion is too narrow. The exercise of dominion over personal property to the exclusion and in defiance of the rights of the owner or withholding it from his lawful possession under a claim of title inconsistent with the owner's, constitutes conversion. *Prudential Ins. Co.* v. *Thatcher* (1937), 104 Ind. App. 14, 20, 4 N. E. 2d 574. Conversion being so defined, we are constrained to conclude that the evidence in this case amply sustains the decision of the court.

Although the appellant complains that the amount of recovery is excessive, he in no way indicates in what respect or why it should be so considered. The measure of the appellee's damages is the fair cash market value of the property converted at the time of the conversion. The evidence on that subject ranges from $300 to $1200 and we cannot say, as a matter of law, that an assessment of damages in the sum of $650 is unwarranted.

Judgment affirmed.

NOTE.—Reported in 96 N. E. 2d 682.