HOUSER, CHIEF, APPELLEE, *v.* COLUMBIA GAS TRANSMISSION CORPORATION, APPELLANT.

(No. 87AP-1227—Decided October 4, 1988.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Scott E. Farkas,* for appellee.

*Porter, Wright, Morris & Arthur* and *William M. Todd,* for appellant.

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas.

This case involves an enforcement action wherein, on November 27, 1984,

the Chief of the Division of Oil and Gas, Department of Natural Resources ("chief") issued Order No. 84-105 to Columbia Gas Transmission Corporation ("Columbia"), requiring it to plug and abandon, or produce, approximately fifty-one Berea wells located in Ashland County, Ohio.[1]

The chief made the following findings:

"1) Columbia Gas Transmission Corporation is the owner of the approximately 51 Berea wells on the Thomas Clark lease located in Sections 26 and 27, Perry Township, Ashland County, Ohio. The lease evincing ownership of these wells is recorded in Volume 44, at page 136 of the lease records of the Ashland County Recorder's Office.

"2) Field inspections reveal that the above-referenced wells are incapable of producing oil or gas in commercial quantities in that the wells are idle and lack the mechanical means to produce oil or natural gas."

Columbia appealed the chief's order to the Oil and Gas Board of Review ("board"). Columbia did not appeal the chief's finding that the wells were incapable of producing oil and gas in commercial quantities. Instead, Columbia appealed the chief's determination that Columbia was the "owner" of the wells as that term is defined by R.C. 1509.01(K). On that basis, Columbia contended that it was not responsible, under R.C. 1509.12, for plugging the Berea wells. The board rendered its decision vacating the chief's Order No. 84-105, and held that it was unreasonable and unlawful to require Columbia to plug the wells pursuant to R.C. 1509.12.

Thereafter, the chief appealed the board's order to the common pleas

court. The court found that the board's order was unreasonable and unlawful, vacated it, and reinstated the chief's Order No. 84-105.

Columbia timely appealed and advanced the following assignments of error:

"I. The common pleas court erred in holding that Columbia Gas Transmission Corporation owned the Berea wells under Ohio Rev. Code Chapter 1509.

"II. The common pleas court erred in its unquestioned acceptance of the chief's interpretation of the relevant assignments."

There is no dispute that the wells, subject to the plugging order, are incapable of producing oil and gas in commercial quantities and, consequently, should be plugged. The issue is who is responsible for plugging the fifty-one Berea wells. R.C. 1509.12 provides, in pertinent part, the following:

"Unless written permission is granted by the chief, any well which is or becomes incapable of producing oil and gas in commercial quantities shall be plugged, but no well shall be required to be plugged under this section which is being used to produce oil or gas for domestic purposes, or which is being lawfully used for a purpose other than production of oil or gas. When the chief finds that a well should be plugged, *he shall notify the owner to that effect by order in writing and shall specify in such order a reasonable time within which to comply. * * *"* (Emphasis added.)

R.C. 1509.01(K) defines the term "owner":

" 'Owner,' unless referring to a mine, means the person who has the right to drill on a tract or drilling unit and to drill into and produce from a pool and to appropriate the oil or gas that he produces therefrom either for himself or for others."

The relevant background is as

---

[1] The wells were drilled prior to the effective date of the permit requirements of R.C. 1509.05 and 1509.06.

follows. In 1945, the Ohio Fuel Gas Company, a corporate predecessor of Columbia, leased a one-hundred-twelve-acre tract of land in Perry Township, Ashland County, Ohio, and obtained the right to drill for oil and gas. Mr. and Mrs. Thomas Clark succeeded to the interest of the original lessors in 1970; Columbia succeeded to the interests of the lessee, the Ohio Fuel Gas Company.

Of particular importance is a partial transfer of the lease in 1949 in shallow sands or strata known as the Berea Sands located a few hundred feet below the surface. The Ohio Fuel Gas Company executed a document captioned "Assignment of Oil and Gas Leasehold Rights In and Above the Berea Sands" ("1949 Assignment"), assigning to Donald Waltz all drilling rights for oil and gas, also referred to as "shallow rights" in the Berea Sands.

Donald Waltz and his successors continued to drill and operate the Berea wells under the 1949 Assignment, but at some unknown time, oil production ceased. In 1975, the Clarks filed an action in the Ashland County Court of Common Pleas against William Wolfcale, the then successor-in-interest to Donald Waltz, and also Columbia. They alleged that the wells had been abandoned. The Clarks sought a declaration that the lease of the shallow rights was abandoned and terminated, and that all rights under the 1949 Assignment to drill for oil and gas in the Berea Sands should revert to them, the landowners. The trial court held that there had been no abandonment and that the Clarks failed to prove that Wolfcale forfeited his interest in the lease. The court's decision was affirmed by the Ashland County Court of Appeals. Since that decision, it appears that the lease of the Berea Sands was reassigned on several occasions.

The state of Ohio filed suit in 1979 against the record owners of the 1949 Assignment at that time to enforce certain water contamination and pollution control statutes. Columbia was not a party to the action. In April 1980, the parties entered into a consent decree, which required defendants to begin upgrading or abandoning and plugging wells at a minimum of two wells per month.

Subsequently, the rights pursuant to the 1949 Assignment were transferred to United Industrial Energy Corporation ("UIEC"). Defendants filed charges in contempt of court in February 1981. Thereafter, a second agreed entry was filed which added UIEC as a defendant to the lawsuit. The chief at that time, Andrew Stalkos, issued Order No. 291, requiring UIEC to plug the Berea wells. The board affirmed the chief's order.

The defendants failed to comply with the original orders, and a receiver for UIEC was appointed by the Ashland County Common Pleas Court to carry out the court's decrees. The receiver was unsuccessful in his attempt to transfer the wells on the Clark lease or to plug and abandon the wells. Prior to the appointment of the receiver, UIEC assigned twenty of the fifty-one Berea wells to a third person. In 1984, the chief issued Order No. 84-105, which is the subject matter of this case.

In the first assignment of error, Columbia contends that the trial court erred in holding that it owned the Berea wells because Columbia is not an "owner" as that term is defined by R.C. 1509.01(K). Pursuant to R.C. 1509.37, if the trial court finds that the order of the board was unreasonable or unlawful, it shall vacate such order and make the order which the court finds the board should have made. Accordingly, we find that the trial court erred in vacating the order of the board and

reinstating the chief's order, as the court should have remanded the case to the board to make a determination of ownership, pursuant to R.C. 1509.01(K).

The determination of ownership, as defined by R.C. 1509.01(K), cannot be accomplished without first construing the 1949 Assignment to ascertain whether such document constituted an assignment or sublease of the shallow rights. Essentially, if the 1949 transfer of the shallow rights from Columbia's corporate predecessor, the Ohio Fuel Gas Company, to Donald Waltz was a sublease, there is no privity of estate or privity of contract between the original lessor and sublessee. Hence, when the lease expires, the interest reverts to the sublessor, herein Columbia. *Haynes* v. *Eagle-Picher Co.* (C.A. 10, 1961), 295 F. 2d 761; *Shearer* v. *United Carbon Co.* (W. Va. 1958), 103 S.E. 2d 883; *Williard* v. *Campbell* (Mont. 1932), 11 P. 2d 782; *Garner* v. *Knudsen* (Cal. App. 1955), 277 P. 2d 890; *Halbert* v. *Hendrix* (Ind. App. 1950), 95 N.E. 2d 221; *Sunburst Oil & Refining Co.* v. *Callender* (Mont. 1929), 274 P. 834.

Moreover, if the 1949 Assignment is considered an assignment and not a sublease, then the rights to drill in the Berea Sands revert to the landowners-lessors, the Clarks, upon abandonment of the Berea wells by the assignee. See, *e.g., Sims* v. *Inexco Oil Co.* (S.D. Miss. 1985), 618 F. Supp. 183; *Moore* v. *Campbell* (N.D. Tex. 1967), 267 F. Supp. 126.

The chief referred to the document recording the 1949 Assignment in support of the finding that Columbia is the owner of the Berea wells. The only possible basis for the chief's finding that Columbia is the owner of the shallow rights for purposes of R.C. 1509.01(K) is that the 1949 Assignment was in fact a sublease, and upon termination of production, the rights to drill into and produce oil and gas from the Berea Sands reverted to Columbia.

Nevertheless, it cannot be determined from the face of Order No. 84-105 that the chief made such a finding. In reversing the order of the chief, the board essentially held that the chief's order was unreasonable and unlawful because the chief did not have authority to determine ownership for purposes of applying the plugging requirements of R.C. 1509.12. Rather, the board vacated the chief's order for lack of authority to make such a determination. Consequently, the board did not address the underlying issue of ownership as it never made a finding whether the 1949 Assignment was a sublease or an assignment. Such a determination presents a mixed question of fact and law.

The common pleas court, in a well-reasoned opinion, correctly held that the chief had authority to determine ownership for purposes of statutory plugging requirements, and reinstated the chief's order for that reason. The trial court, however, did not address the underlying issue of ownership, which depends upon whether the 1949 Assignment is construed as an assignment or a sublease.

This court cannot make such a determination as a matter of law. The designation of the 1949 Assignment as an assignment is not dispositive in construing the transfer. The specific provisions of the lease must be examined to ascertain whether the parties entered into an assignment or sublease.

Columbia's contention that the 1949 Assignment was a sublease in the 1985 Ashland County action is not dispositive, since the court there never reached that issue as it found that the Berea wells were not abandoned. Columbia is not precluded from changing its position at this juncture.

Thus, since the common pleas

court did not address the underlying issue of "ownership" as that term is defined in R.C. 1509.01(K), Columbia's first assignment of error is well-taken.

Columbia's second assignment of error is not well-taken as there has not been a determination at either the administrative or trial court level as to whether the 1949 Assignment constitutes a sublease or assignment.

Therefore, Columbia's first assignment of error is sustained, and its second assignment of error is overruled. The cause is reversed and remanded to the trial court with instructions to remand the action to the board to determine the case consistent with this opinion and in accordance with law.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., concurs.

STRAUSBAUGH, J., dissents.

STRAUSBAUGH, J., dissenting. I regret being compelled to dissent from the opinion of my colleagues. Columbia as the owner takes the position that best serves its purpose in seeking to avoid its responsibility of plugging the wells. There are no findings of fact and conclusions of law herein. Order No. 84-105 finds that Columbia is the owner. The trial court reviewing the record found that the chief was correct and the board was wrong. I would affirm the judgment of the trial court.